## BRACK ADAMS V. THE STATE.

### No. 3250. Decided March 8, 1905.

**1.—Local Option—Transcript From District Court.**

Articles 471 and 473, Code Criminal Procedure, not requiring that the certificate of the clerk, transferring indictments to inferior courts, must show the date when the court met and when it adjourned, it will be presumed that the clerk performed his duty according to law in transfering a case, in the absence of a showing to the contrary, and the mere failure in such certificate to state when the district court adjourned does not authorize the county court to quash the transcript; however, a corrected transcript was filed after the motion to quash was made.

**2.—Same—Two Days Before Trial—Transcript.**

Where a valid transcript from the district court to the county court was filed in .the latter court, more than two days before the case was called for trial, there was no error.

**3.—Same—Charge of Court—Sale—Weight of Evidence.**

Where the court in a local option case charged that in law a sale is the agreed transfer of property having some value to another for a valuable consideration, and that a sale may be shown by facts and circumstances, as well as by direct proof, it was not on the weight of the evidence and correct.

**4.—Same—Charge of Court.**

It was not error to charge the jury in a local option case that the election in a certain county was held by virtue of the laws of the State.

**5.—Same—Fact Case.**

Where the evidence for the State showed a sale by appellant of whisky within local option territory, although circumstantial, the conviction will be sustained.

Appeal from the County Court of Collin. Tried below before Hon. F. E. Wilcox.

Appeal from a conviction of a violation of the local option law; penalty a fine of $25 and twenty days confinement in the county jail.

The following taken from appellant's brief is a substantial statement of the facts of the case:—The prosecuting witness Barnes testified substantially that on the 5th of September 1904 he went into defendant's barber shop and asked him if he had anything and he said yes, over at the depot, and "I asked him if I could get some and he said yes, if I would help him pay express charges;" that witness laid $2 on a table or box in the back end of the shop and stepped out and directly defendant came out and went to the depot, ahead of witness; that when witness went into the freight room defendant had opened a box which contained four quarts of whisky, that witness picked up two of them and took them home. That defendant was in the front of the barber shop when witness put down the $2.

On cross-examination he said that he had been drinking the day before and was sick and feeling bad; that he did not know whether defendant saw him lay the money down or not, but did not think that he did; that there was no understanding between them that he was to

lay the money down; that there had never been any such transaction of the kind between him and defendant; that witness first started to lay down the money when a crowd was in there, but took it up, defendant never told him to take it up when he first started to lay it down; that Lee Wolford and Geo. Eastep were in there when he first started to lay down the money; that he did not think Lee Wolford went in there with him and asked defendant for whisky; that there was nothing said about the amount he was to pay on the express; that he may have told Mr. Smith that when he first started to lay the money down the defendant told him to take it up and that witness put it in his pocket and went out; that witness had never paid defendant anything for the liquor, unless his placing the $2 there paid for it, and that he never intended to pay for it. Defendant proved by Dr. Bates that his general reputation for being a law-abiding citizen was good, and the same fact by John W. McKinney, also by J. H. Crawford. He proved by Lee Wolford that he asked defendant for some of the liquor and proposed to help him pay the charges and defendant refused. This witness testified that he heard the prosecuting witness, Barnes, state to Mr. Smith in the defendant's presence that he first laid down $2 and defendant told him to take it up, that he did not want it and that he, Barnes, took the money up and went out. The defendant testified to the same fact. He also testifies that Barnes came into his shop and was in bad shape, was very nervous and shaky, asked him for whisky and he told him he had some at the depot and Barnes said if he would let him have some of it he would help him pay it out and took out $2 and laid them on the table and defendant refused it, told him to take his money and put it in his pocket, that he would not have it; that Barnes took up the money and put it in his pocket and went out; that he came back two or three times and told defendant he was bound to have some of the liquor and defendant told him when he got it out he would give him some; that when the defendant went to the express office and opened the box, Barnes came and picked up two of the bottles and went out; that there was nothing said between them. That he did not get the $2, which Barnes left, if he ever left it, nor any other sum; that he gave Barnes the whisky; that he had never paid for it in any manner; that he had no account against Barnes, and that Barnes did not owe him anything for the whisky; that it was not true that when Barnes came to him that morning and asked him for it and he told him he might have some if he would help pay it out; but upon the contrary that Barnes offered to do this and he refused it.

*Garnett & Smith,* for appellant.—On question of transcript from District Court: Code Crim. Proc. art. 567; Reed v. State, 31 Texas Crim. Rep., 35; Johnson v. State, 49 S. W. Rep., 618; Evans v. State, 36 Texas Crim. Rep., 32; Lightfoot, alias Lucky, v. State, 8 Texas Ct.

Rep., 878; Holden v. State, 71 S. W. Rep., 600; McFadin v. State, 72 S. W. Rep., 172.

On question of two days time to file written pleadings:—Code Crim. Proc. art. 434; Hardy v. State, 1st Texas Crim. App., 556; Anderson v. State, 2 Texas Crim. App., 10; Austin v. State, 38 Texas Crim. Rep., 8; Johnson, alias Lester, v. State, 9 Texas Ct. Rep., 1028; Denton v. State, 3 Texas Crim. App., 635.

On question of sale: Williamson v. Berry, 8 Howard, 495; 21 Am. Ency. Law, 463.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Conviction of violating the local option law, punishment being assessed at a fine of $25 and twenty days confinement in the county jail.

The indictment was found by the grand jury, and the district court made proper order transferring same to the county court of Collin County. Appellant made a motion to quash the transcript of the clerk of the district court, because it fails to state the date the district court adjourned. The transcript in this respect reads, as follows: "The State of Texas, County of Collin. At a term of the district court begun and holden within and for the County of Collin, at McKinney, Texas, on the 5th day of September, 1904, which adjourned on the —— day of ———— A. D. 190—, the Hon. J. M. Pearson, judge thereof presiding, the following proceedings were had, in the cause of the State of Texas v. No. 8110, Brack Adams, to wit: September 17, A. D. 1904. This day came into open court, in a body, the grand jury, a quorum thereof being present, and through their foreman, delivered to the judge of this court, the following indictment, to wit:" etc. Then follows the style of the cause against defendant; and which transcript is accompanied by a bill of costs. It also embodies proper order transferring the cause to the county court of Collin County. Article 473, Code Criminal Procedure provides: "It shall be the duty of the clerk of the district court, without delay, to deliver the indictment in all cases transferred, together with all the papers relating to each case to the proper court or justice of the peace, as directed in the order of transfer, and he shall accompany each case with a certified copy of the proceedings taken therein in the district court; and also with a bill of the costs that have accrued therein in the district court, and the said costs shall be collected in the court in which said cause is tried, in the same manner as other costs are collected in criminal cases." We find in connection with this article, article 471, Code Criminal Procedure, ordering the transfer, and article 472, indicating what cases shall be transferred, but neither state that the certificate of the clerk must show the date when the court met and the date when the same adjourned. In the absence of a showing to the contrary, we will presume that the clerk performed his duty according to law; that is, that he transferred the case and was

legally authorized to do so, from the district court. If court had adjourned at the time the transfer was made, this was a matter appellant should have made manifest. But, conceding it was error, the record before us shows that immediately upon the motion being made, the county attorney filed a correct transcript, and this cures all errors complained of by appellant. The statute in reference to the certificate of the district clerk does not prescribe any particular form to be complied with by the clerk in making the certificate. Lynn v. State, 28 Texas Crim. App., 515. We do not find any decision supporting appellant's proposition, that the mere failure to state when the court adjourned, authorizes the quashal of the transcript. We hold that the trial court did not err in refusing to quash the transcript. However, the county attorney filed a correct transcript, as said above, stating the date of the adjournment of the court, before the court ruled upon the motion to dismiss for want of jurisdiction on account of the supposed defect in the transcript. Cantwell v. State, Dallas Term, 1905.

Appellant also complains in his motion that the court required him to go to trial in less than two days after the transcript was filed. We do not think appellant's contention is correct, in view of the fact that the transcript was not filed sometime before. Had it not been a valid transcript, appellant's contention would have been correct under the authorities he cites.

Appellant excepted to the following portion of the charge of the court: "In law a sale is the agreed transfer of property having some value to another for a valuable consideration. A sale may be shown by facts and circumstances as well as by direct proof." Appellant's contention is that said charge is upon the weight of evidence, and that, in order to constitute a sale, it must be for a cash consideration; and that so much of the charge as informed the jury that a sale may be shown by facts and circumstances as well as by direct proof, is squarely upon the weight of the evidence; that it misstates the law in this, in no case is circumstantial evidence sufficient to make out a case as clearly and as well as direct evidence is. We do not think there is error in the charge of the court. A sale may be shown by facts and circumstances as well as by direct proof. So to state is not a charge upon the weight of the evidence; nor is a declaration that circumstantial evidence is as strong as direct evidence.

Appellant excepted in his motion, to the following portion of the charge: "Now, if you believe from the evidence beyond a reasonable doubt, that the defendant, in Collin County, Texas, on or about the 5th day of September, A. D. 1904, did unlawfully sell intoxicating liquor to F. M. Barnes as charged, and that the sale of intoxicating liquor had theretofore been and was then and there prohibited in said Collin County, under and by the laws of this State, then you will find the defendant guilty, and assess his punishment," etc. Objections to said charge are, if the sale of intoxicating liquor had been prohibited in said county, the same was done under and by virtue of the laws of

the State, but if done at all it depended upon the legal vote of the qualified voters of Collin County, expressed at an election held for such purpose, and the necessary orders of the commissioners cours of said county to put said law in force in said county. We have heretofore held that the local option election in Collin County was valid. Len Cantwell v. State, decided at the present term. We have repeatedly held that it was proper for the court to leave it to the jury as a matter for them to determine whether or not the sale of intoxicating liquors had been prohibited. Said election in said county was held by virtue of the laws of the State of Texas, and it was not amiss for the court to so state.

The tenth assignment of error is, that the verdict of the jury is contrary to the law and the evidence is conflicting. The evidence for the State shows a sale by appellant of the whisky. It is true that it is circumstantially proven, that he received the money; yet the circumstances are sufficiently cogent to authorize this court to affirm the judgment. The charge of the court is correct; and there being no error in the record, the judgment is affirmed.

*Affirmed.*

Henderson, Judge, absent.