J. A. Bennett v. The State.

. No. 3564.   Decided February 7, 1906.

1.—Sunday Law—Constitutional Law—Liquor Dealer—Information.

Upon a trial for a violation of the Sunday law there was no error in overruling the motion to quash .the information because the Sunday law was in violation of article 16, section 20, of the Constitution, formerly known as the local option section, or because the law was suspended as to a licensed liquor dealer.

2.—Same—Filing of Information—County Clerk—Judicial Knowledge.

Where the information bore the words, "Filed August 15, 1905, R. L. Rogers, County Clerk," and was presented by the proper officer in the proper court, the same was sufficient.

Appeal from the County Court of Tarrant. Tried below before Hon. R. F. Martin.

Appeal from a conviction of a violation of the Sunday law; penalty, a fine of $20.

The opinion states the case.

No brief for appellant has reached the hands of the Reporter.

*Howard Martin*, Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was charged with keeping open his place of business on Sunday; that he was following the business of a retail liquor dealer; that such place was kept open for the purpose of traffic on Sunday.

The record is without a statement of facts. Motion was made to quash because the Sunday law is in violation of article 16, section 20, of the Constitution, commonly known as the "local option-section" of the Constitution. The decisions are all the other way in this State.

And second, because the Sunday law was suspended as to a licensed liquor dealer by reason of the fact that such license was granted. There is no reason shown why this proposition is legally correct. In fact, without going into a discussion of it we hold there is no merit in the proposition.

Motion was further made to quash the information and complaint, because it does not appear with sufficient certainty that it was filed in the county court of Tarrant County or by the clerk of the county court of Tarrant County. The filing is, as follows: "Filed August 15, 1905. R. L. Rogers, county clerk." The point sharply stated is that these two papers should be quashed because they do not appear to have been filed by the proper authority in the proper court. We do not think there is anything in this contention. The complaint shows to have been sworn to before Jeff D. McLean, county attorney of Tarrant County; and the information was presented by the same officer in the county court of Tarrant County. When these were presented to the clerk, the endorsement quoted above was placed on them. The statute does not require any particular form or language in which the filing shall be done. It simply requires that the paper shall be filed. This is usually done by the clerk noting the fact that it was filed, with the proper number and style of case, and signing his name officially. We are not cited to any authorities, nor have we been able to find any, which would require the county clerk after signing it as done in this case, adding the further expression, "of the county court of Tarrant County, Texas." If it is noted by the clerk that the paper is filed by him, signing his name as clerk, it is sufficient. Of course, the paper must be filed in the proper case, and should have the proper endorsements on it. We think that the law has been sufficiently complied with by the clerk noting on it, "Filed August 15, 1905," and signing his name as county clerk. It is not necessary to have rendered this a valid filing to have added, "Tarrant County, Texas." The Judge of that court will take judicial cognizance that such is the clerk of this court.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*