### JIM NELSON v. THE STATE.

No. 3424.  Decided April 17, 1907.

**1.—Murder in Second Degree—Indictment—Grand Jurors—Date—Endorsement —File Mark.**

In a prosecution for murder, the allegation "grand jurors for F. County," implied that they were composed and taken from said county. It is not necessary that the county attorney endorse his name upon the indictment. The clerk may correct his file mark on the indictment under the direction of the court.

**2.—Same—Res Gestae—Simultaneous Killing.**

Upon trial for murder, where the evidence showed that defendant shot the deceased and simultaneously shot a little girl, testimony of the shooting of the latter was properly admitted as res gestæ.

**3.—Same—Evidence—Fixing Time.**

Upon trial for murder, there was no error in admitting testimony that certain shows were going on at the time deceased was killed, in order to fix date and circumstances incident to the killing.

**4.—Same—Conduct of Third Parties.**

Upon trial for murder there was no error in admitting testimony that the crowd made exclamations, or a noise, at the time of the shooting.

**5.—Same—Special Charges—Murder in First Degree.**

Where defendant was convicted of murder in the second degree he could not complain of a charge on murder in the first degree; or that special charges, covered in the main charge, were refused.

Appeal from the District Court of Falls. Tried below before the Hon. Sam R. Scott.

Appeal from a conviction of murder in second degree; penalty. thirty years imprisonment in the penitentiary.

The deceased was shot and killed about 10 o'clock at night on the street of a city while attending a carnival or show, by a shot; the ball going in the belt of his pants in the back and coming out in front. A little girl was shot at the same time. There was a large crowd of people, and much noise and excitement at the place where the shooting took place. The State's testimony showed that the defendant was wrangling, just before the shooting with a negro woman; they were about in the center of the street; defendant was facing east and she had 'im by the coat and was backing him west; she had hold of his coat and it seemed he was trying to get something out of his pocket; he was pushing her backward and pulled loose from her, and drew out his pistol and commenced shooting east up the street into the crowd; one shot striking the deceased and killing him, and another shot killing a little girl about 12 years old.

The defendant testified that he was assaulted by some parties, one of the latter hitting him in the face and another hitting him with a quirt, that these parties attempted to shoot at him and he ran, and that he shot at one of them; that he did not know the deceased and did not aim to shoot at him or at the little girl; but that he shot at the man attacking him to kill him. Defendant's wife and another witness corroborated this statement.

The State in rebuttal introduced one of the parties whom defendant said struck him and who denied striking defendant or that any one else struck him with a quirt or had any altercation with him; that the defendant was behind him some distance and fired the shots, which hit the deceased and the little girl, into the crowd.

*W. E. Rogers* and *S. O. James,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.—The court's charge to the jury was full and complete; every issue raised was submitted full and complete, and that there was not a circumstance that raised the issue of negligent homicide. The defendant's theory that he shot because he had been struck in the face and tramped upon by some parties made it a case of either manslaughter or self-defense, and there is no question of negligent homicide in it. The State's case made mur-

der in the first and second degrees. Drawing a weapon and firing into a crowd showed such reckless disregard of human life as would make society and human life insecure for a man like appellant to be permitted to be at large, and the State insists that the case should be affirmed.

BROOKS, JUDGE.—Appellant was convicted of murder in the second degree, and his punishment assessed at thirty years confinement in the penitentiary.

Appellant filed a motion in arrest of judgment because it does not affirmatively appear from the reading of the indictment that the grand jurors finding and returning the same were selected from the body of Falls County; that the phrase "grand jurors for Falls County" does not necessarily imply that they were composed from and taken in and from said Falls County; that the same is not endorsed with the name of the county attorney, giving his name, and because it appears to have been filed on the 21st day of January, 1906, which date is contradictory and inconsistent with the date of the offense therein described. Bill of exceptions presenting this matter shows that the indictment was really filed the 21st day of February, 1907, and the court had the clerk correct his file mark. There is no law requiring the county attorney to endorse his name upon the indictment. None of the objections to the indictment are well taken.

Bill of exceptions number 2 complains that the court erred in permitting the State to prove the killing of Lillian Storms. The evidence shows that appellant shot the deceased and simultaneously shot a little girl named Lillian Storms. This is a part of the res gestae and was properly admitted.

Bill of exceptions number 3 complains that the county attorney asked one of the State's witnesses the following question: "Were there shows? State whether they were in progress? Performances going on?" The defense objects on the ground that it was immaterial and irrelevant whether the shows were going on at the time or not. This testimony was evidently introduced to fix dates and circumstances incident to the killing. Certainly, abstractly speaking, it would be immaterial whether shows were going on at the time appellant killed deceased, but the evidence in this case shows that the killing occurred at the shows or carnival. The testimony is entirely legitimate.

Bill of exceptions number 4 complains that the crowd made exclamations at the time of the shooting, there being a large crowd present. No statements were made, the crowd made a noise. This was not error.

There is no error in the ruling of the court in charging on murder in the first degree; appellant was acquitted of that degree. Furthermore, even conceding error, it would be harmless in the light of this record. The charge in this case is an admirable presentation of the

law applicable to the·facts of this case. It is very full and appellant's special charges were either not law or were covered in the main charge of the court.

Finding no error in this record, the judgment is affirmed.

*Affirmed.*