## H. STARBECK v. THE STATE.

### No. 4078.   Decided March 11, 1908.

**1.—Local Option—Information—Result of Election.**

Where upon trial for a violation of the local option law, defendant excepted to the information because it did not in express terms aver that the commissioners court had declared the result of the election, but the record showed that the information did so charge, and followed approved precedent, there was no error.   Following Shilling v. State, 51 S. W. Rep., 240.

**2.—Same—Filing of Information and Affidavit.**

Where upon trial for a violation of the local option law, the record showed that the county attorney deposited with the clerk the affidavit and information and called for a capias thereon, this was a sufficient filing, although the clerk had failed to make the notation of filing on such paper; and the court was authorized to order the proper file mark thereon nunc pro tunc.

**3.—Same—Filing Nunc Pro Tunc—Two Days' Notice of Filing to Prepare Defense.**

Where upon trial for a violation of the local option law, it appeared from the record that the affidavit and information were properly deposited with the clerk, they were considered in law filed from that day; and could be filed nunc pro tunc as of that day; and defendant's right of two days within which to prepare for his defense, etc., dated from the time that these papers were deposited with the clerk as filed, and not from the time at which the nunc pro tunc order for filing them was made.   Following Terrell v. State, 41 Texas, 463; Bennett v. State, 49 Texas Crim. Rep., 294.

**4.—Same—Evidence—Search and Seizure—Contemporaneous Acts.**

Upon trial of a violation of the local option law, there was no error in admitting testimony that a few days after the alleged offense, defendant's place of business had been searched and a quantity of whisky had been found therein, which was claimed by the defendant, and admitted by him to have been in his house for some time; defendant denying the sale of the whisky for which he was being tried.   Following Wagener v. State, 53 Texas Crim. Rep., 558; Myers v. State, 52 Texas Crim. Rep., 558.

Appeal from the County Court of Jones.   Tried below before the Hon. Jas. P. Stinson.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Brooks & Scott,* for appellant.—On question of filing affidavit and information and motion to quash: Schott v. State, 7 Texas Crim. App., 616; Goss v. State, 40 S. W. Rep., 263; Castleman v. State, 39 Texas Crim. Rep., 1; 43 S. W. Rep., 994; Wilson v. State, 27 Texas Crim. App., 47; Johnson v. State, 49 S. W. Rep., 618.   On question of two days to prepare defense: Evans v. State, 36 Texas Crim. Rep., 32; 35 S. W. Rep., 169.   On question of evidence: Cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, and *J. C. Randel,* county attorney of Jones County, for the State.—On question of filing: Cases cited in opinion; also Burnett v. State, 14 Texas, 455; Cowan v. Ross, 28 Texas, 228; Rhodes v. State, 29 Texas, 188; Ximenez v. Ximenez, 43 Texas, 458; Nelson v. State, 51 Texas Crim. Rep., 349; 101 S. W. Rep., 1012; Adams v. State, 48 Texas Crim. Rep., 7; 85 S. W. Rep., 1079; Franklin v. State, 92 S. W. Rep., 414.

RAMSEY, JUDGE.—Appellant was convicted in the County Court of Jones County for unlawfully selling intoxicating liquor in violation of the local option law. There are several question raised on appeal which we will now consider.

First, it is claimed that the affidavit and information filed against appellant did not charge him with committing any offense against the laws of this State. The particular defect claimed in the affidavit and information is, that they do not in express terms aver that the commissioners court of Jones County, had declared the result of the prohibition election held in said county. The charging part of the affidavit is, that "appellant did then and there unlawfully sell to Joe Milstead, intoxicating liquor after the qualified voters of said Jones County had determined at an election held in accordance with the laws of the State of Texas, that the sale of intoxicating liquor should be prohibited in said Jones County, and after the commissioners court of said Jones County had passed an order declaring the result of said election and prohibiting the sale of intoxicating liquor in said Jones County, and after said order had been published by the county judge of said county, as required by law." We think the affidavit and information are much fuller than that held good by this court in the case of Shilling v. State, 51 S. W. Rep., 240, and that this assignment must be overruled.

It is next claimed that the court erred in overruling appellant's motion to quash the affidavit and information on the ground that neither was filed at the time the motion was made. The facts in respect to this matter are, as we gather from the record, that the affidavit and information in this case were in fact prepared by the county attorney of Jones County, and by him delivered to the county clerk of that county on the 2nd day of April, 1907, the county attorney at the time calling for a capias for the arrest of appellant. The county clerk testified that he did not remember the fact of the papers being delivered to him and there was no file mark by him endorsed on either the affidavit or information, but they bear the style and number of the case. The clerk further testified, that he must have docketed and issued the capias and numbered the papers in said cause, since all this is in his handwriting. He also states that all the papers in that case had the proper style and number and the said affidavit and information had said style and number of the case. He also testified that the file docket shows that the case was filed on the 2nd day of April, 1907. We think these facts sufficient to show that the affidavit and information had been filed in the legal sense—

that is, delivered to the county clerk as papers in said cause with the intent and purpose that they should be kept among and treated as the papers in the case, and where in such case the clerk has merely failed to make the notation of file, the court is authorized upon sufficient evidence to order the proper file mark endorsed upon the complaint and information by the clerk nunc pro tunc. This has been so repeatedly authorized and held in this State, that there can be no question about the propriety of this practice. Beal v. Alexander, 6 Texas, 531; Holman v. Chevallier, 14 Texas, 338; Nelson v. State, 51 Texas Crim. Rep., 349; 101 S. W. Rep., 1012; 8 Enc. of Pleading & Practice, pp. 923–927; Cowan v. Ross, 28 Texas, 228; Adams v. State, 48 Texas Crim. Rep., 7; 85 S. W. Rep., 1079. It is contended however, in this same connection, that if the affidavit and information could be ordered filed nunc pro tunc, that nevertheless, appellant was entitled to two days after the affidavit and information was so ordered filed, to prepare his defense and pleadings before he could be required to go to trial. It is not denied that under the statute of this State as well as the repeated decisions of this court (Johnson v. State, 49 S. W. Rep., 618) that every defendant in all cases shall be allowed two entire days, exclusive of all fractions of a day, after his arrest and during the term of court, to file written pleadings. It will be noted that the two days allowed is after his arrest. As stated, this question has been frequently discussed by our Supreme Court and this court. In the case of Terrell v. State, 41 Texas, 463, Judge Roberts says: "It is sufficient to show that the indictment was filed which is the depositing it with the clerk. The entry by the clerk is the authentic evidence of the act of filing." Again, Judge Gaines says (see 33 S. W. Rep., 112) that: "Where a paper is deposited with the clerk of a court for the purpose of making it a part of the record in the case, it is filed." Again, in Bennett v. State, 49 Texas Crim. Rep., 294; 92 S. W. Rep., 415, Judge Davidson in speaking for this court says: "The statute does not require any particular form or language in which the filing shall be done. It simply requires that the papers shall be filed. And this is usually done by the clerk noting the fact that it was filed with the proper number and style of the case and signing his name officially." Similar authorities and decisions might be cited without number, but the rule is elementary and well settled. In this case it was proved by the county attorney that he prepared and filed the affidavit and information with the county clerk on the 2nd day of April, 1907, and that he called for a capias for the arrest of appellant at that time. The county clerk testified that the capias, which was issued in this case, was issued on April 2, 1907, and is in his handwriting and that he docketed the case, and that the style of the case and the number 1243, were in his handwriting. There is no evidence contradicting these facts. It follows, therefore, that the contentions relied on by appellant for reversal are unsupported by any good authority, nor are they sustained by the evidence attempting to impeach the record.

We, therefore, order that the judgment of the court below be, and the same is hereby, in all things affirmed.

*Affirmed.*

ON REHEARING.

April 15, 1908.

RAMSEY, JUDGE.—This case was affirmed at the Dallas Term and now comes before us on motion for rehearing.

Especial complaint is made that the court erred in admitting in evidence the testimony of G. G. Flournoy to the effect, in substance, that on the 2nd day of April, 1907, he had searched the place of business of appellant and found therein a twenty-gallon keg with four or five gallons of whisky in it, and that at the time defendant made the statement that this property belonged to him and had been there for some time. It is claimed that this testimony was not admissible and reliance is had on the case of Parish v. State, 48 Texas Crim. Rep., 578; 89 S. W. Rep., 830; Harris v. State, 50 Texas Crim. Rep., 411; 98 S. W. Rep., 842; O'Shennessy v. State, 49 Texas Crim. Rep., 600; 96 S. W. Rep., 790. An inspection of the record shows that the sale of liquor charged and undertaken to be proved in this case, was on the 30th day of March, 1907. The possession by appellant of the whisky, as shown by the witness objected to, was on April 2, 1907, three days thereafter. It was proven by the admission of appellant that this whisky had been in his house for some time. The testimony of the witness, Joe Milstead, asserted a sale made by appellant. Such sale was denied by appellant who became a witness in his own behalf. This testimony under the ruling of this court in the case of Wagner v. State, not yet reported, and under the authority of the case of Myers v. State, 52 Texas Crim. Rep., 558; 108 S. W. Rep., 392, was admissible. On the last cited case the authorities relied upon by appellant are in express terms overruled. The motion for rehearing is denied.

*Motion denied.*