### Noble Brogdon v. State.

#### No. 1316.　Decided October 25, 1911.

**1.—Carrying Pistol—Statement of Facts.**

Where, upon appeal from a conviction of unlawfully carrying a pistol, it appeared that the statement of facts was not filed within the time allowed by law, the same must be stricken out on motion of the State.

**2.—Same—Filing—Information.**

A delivery of the complaint and information to the clerk was a filing thereof in law, and there was no error in the court permitting the clerk to place the correct file marks on the papers.

**3.—Same—Charge of Court—Circumstantial Evidence.**

Where the evidence was positive there was no error in the court's failure to submit a charge on circumstantial evidence.

**4.—Same—Evidence—Res Gestae.**

Upon trial of unlawfully carrying a pistol, there was no error in admitting in evidence the language the defendant used at the time he drew his pistol.

**5.—Same—Sufficiency of the Evidence.**

Where, upon trial of unlawfully carrying a pistol, the evidence sustained the conviction, there was no error.

Appeal from the County Court of Young.　Tried below before the Hon. E. W. Fry.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100 and forty days in the county jail.

The opinion states the case.

*C. W. Johnson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

·HARPER, Judge.—Appellant was prosecuted under complaint and information, charged with unlawfully carrying a pistol. Being tried, he was convicted and his punishment assessed at forty days imprisonment in the county jail and a fine of $100.

The assistant attorney-general has filed a motion to strike out the statement of facts, because not filed within the time allowed by law. The motion is well taken, and is hereby sustained. (Act of 30th Legislature, p. 446.)

It appears from the record that the county attorney prepared and

delivered to the county clerk an information and complaint in this cause on the 13th day of March, 1911. The county clerk neglected to place his file marks on both the complaint and information, and the appellant filed a motion in arrest of the judgment because the information and complaint were neither marked filed at the time of the announcement for trial. It appears from the record that this objection was first made after the jury was empaneled, when the county attorney read the information to the jury. The county attorney and clerk both testified that the information and complaint had been delivered to the clerk on the 13th day of March, for filing, and had been in his possession and with the papers from that date until the 25th day of March, the day of the trial. Permission was granted by the court for the clerk to place the correct file mark on the papers, and this was done before proceeding with the trial of the case. A delivery of the papers to the clerk was a filing thereof in law. The writing is mere evidence of the filing, and the court committed no error in permitting the clerk to note on the papers the correct date of the filing. The appellant did not contest the fact that the papers were delivered to the clerk on the 13th of March by the county attorney, twelve days before the trial, but insists that the clerk should not be permitted to endorse the file marks thereon without his consent. The complaint and information were "filed" at the time of delivery to the clerk and same were placed with the papers, and the court did not err in overruling the motion in arrest of judgment. Starbeck v. State, 52 Texas Crim., 192, 109 S. W. Rep., 162.

In another bill appellant complains that the court failed to charge the jury on circumstantial evidence. In this there was no error as there was positive testimony that the appellant had a pistol on the occasion alleged.

In another bill appellant complains that a witness was permitted to testify that defendant, at the time witness says he pulled a pistol and threw it in their face, defendant said: "Kiss my God d—m ass, suck my p—k, God d—m you." This language was addressed to a young lady, if the witness is to be believed, and was uttered while he had a pistol drawn on her. This was a part of the transaction, and was admissible as res gestae. It may have, as appellant insists, caused the jury to assess a very high penalty, and it should have done so if the jury believed the testimony.

This disposes of all the grounds in the motion except that the testimony will not support the judgment. While we can not consider the testimony, as it was not filed within the time permitted by law, yet if we did so, the evidence would show that the witness, Clayton Lee, testified: "Defendant run around in front of us and grabbed Miss Dony Criss by the shoulder and asked her, 'What in the h—l she meant and what right had she to treat him like she did.' Miss Criss replied: 'She had a right because he (defendant) was drunk.'" Witness says

defendant "pulled a pistol out of his pocket, and pointed it in our face," and then used the language hereinbefore referred to.

The judgment is affirmed.

*Affirmed.*