### Alonzo Skinner v. The State.

No. 1410. Decided November 29, 1911.

**1.—Local Option—Statement of Facts—Transcript.**

In appeals from the County Court the statement of facts must appear in the transcript, and the original can not be considered.

**2.—Same—Indictment—Mutilated Instrument.**

Where the indictment as copied in the record did not disclose any mutilation, and the original did not accompany the transcript, there was no error.

**3.—Same—Filing—Indictment—Practice.**

Where the record showed that the indictment had been filed at the proper time, but the clerk had failed to mark that it was filed, there was no error.

Appeal from the County Court of Sabine. Tried below before the Hon. T. R. Smith.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Goodrich & Lewis* and *J. H. McGown,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—Appellant was convicted of violating the local option law. The statement of facts is not incorporated in the transcript, but is sent up in a separate document, and we suppose, by the file mark of the county clerk being upon the same, that it is the original statement of facts filed in the court below. Under our statute and the decisions of the different courts, this statement of facts can not be considered.

The first bill of exceptions recites that before appellant announced ready for trial, he moved to quash the indictment, on the ground that said indictment consisted of two instruments or a portion of two instruments, pasted together, that is to say, that the alleged indictment has a separate piece cut from another and different instrument pasted

on the face of said indictment, supposedly to be used and read as a part of the indictment; that the indictment, in its present state, was a mutilated instrument because it consisted of parts of two separate instruments, pasted one upon the other; that by reason of this condition of the indictment, it was insufficient in law, and void, because not in compliance with the terms of the statute; that by reason of the condition of the indictment, defendant does not know who pasted said instruments together, nor by what authority the pasting was done. This is in no way verified by the record. The original instrument does not accompany the transcript. The indictment, as copied in the record, does not disclose any irregularity, but appears to be in ordinary form.

The second bill of exceptions recites: "After the State and defendant had both announced ready for trial, and after defendant had been arraigned, and had pleaded guilty, defendant excepted to the indictment upon the grounds that the same had not been filed in the County Court. Defendant excepted to the indictment upon this ground, and asks the court to dismiss the case upon the ground that the court had no jurisdiction to try the case, on the account that the indictment had not been filed in the County Court." After the court examined the transcript in the case, finding the same was a proper one and was filed by the clerk of the court on the 29th of March, 1911, he overruled defendant's exception and ordered the county clerk to file the indictment back as of·date March 29, 1911, the date of its reception by him; whereupon the clerk, in open court, did endorse upon the back of the indictment, the following: "By order of the court. Filed March 29, 1911. W. R. Hyden, Co. Clk." Exception was reserved to this. We are of opinion there is no merit in this matter. The bill shows that the indictment in the transcript had been on file in the county clerk's office at the proper time and in the proper manner, but that the clerk had neglected to mark upon the indictment that it had been filed. This matter is without merit.

In the absence of the statement of facts, the other questions suggested for revision, can not be intelligently reviewed. As the record is presented to us, the judgment will be affirmed.

*Affirmed.*