### W. E. Milstead v. The State.

#### No. 3898.   Decided January 12, 1916.

**1.—Theft—Information—Filing.**

Where the complaint and information had been placed by the county attorney with the papers, but the clerk had neglected to place file marks thereon, and the county attorney made a motion to have the clerk put his file marks on such papers, which was done about a month before trial, there was no error on that ground. Following Nelson v. State, 51 Texas Crim. Rep., 349, and other cases.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of theft, the evidence was sufficient, although conflicting, to sustain a conviction, there was no reversible error.

Appeal from the County Court of Upshur. Tried below before the Hon. W. H. McClelland.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*Martin & Nelson,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of a misdemeanor theft and his punishment assessed at a fine of $25 and twenty days imprisonment in the county jail.

The record contains but two bills of exception, and they both relate to the same subject. It appears that the county attorney had prepared and filed a complaint and information and placed them with the papers, but the clerk had neglected to place the file marks thereon. Appellant moved to dismiss the complaint and information because they had not been filed. The county attorney made a motion requesting the court to permit and require the clerk to place the proper file mark on the complaint and information. This was done, and shows the papers to have been filed on August 9, 1915, while the case was not called for trial until September 21, 1915. These bills present no error. Nelson v. State, 51 Texas Crim. Rep., 349; Starbeck v. State, 53 Texas Crim. Rep., 192; Brogdon v. State, 63 Texas Crim. Rep., 473, 140 S. W. Rep., 353.

While there is a sharp conflict in the evidence for the State and defendant, yet the evidence for the State, if believed, would authorize a finding that appellant stole a Panama hat from P. C. Wright.

The judgment is affirmed.

*Affirmed.*