### FRANCISCO CISNEROS V. THE STATE.

No. 9483.   Delivered Nov. 11, 1925.

**1.—Carrying a Pistol—Bill of Exceptions Incomplete—No Error Presented.**

Where a bill of exception complains of the receipt of testimony to the effect that while there was a general discharge of the pistols, one of the bystanders was wounded, and does not set out any of the surrounding facts or circumstances to enable us to determine whether such testimony was relevant or not, nothing is presented which we can intelligently pass upon.

**2.—Same—Bill of Exception—Incomplete—No Error Shown.**

Where counsel complains that he was not granted sufficient time by the court in which to prepare a written charge, and nothing in the bill discloses the necessity of greater time than was allowed, no error is disclosed.

**3.—Same—Plea to Jurisdiction—Properly Overruled.**

Where, on trial for carrying a pistol, a plea to the jurisdiction of the County Court. that the number on the indictment in the County Court was different from that placed upon it in the District Court, is without merit, and was properly overruled. See Caldwell v. State, 5 Texas Rep. 18. DeOlles v. State, 20 Tex. Crim. App. 145, and numerous other cases cited.

Appeal from the County Court of Willacy County.   Tried below before the Hon. W. H. Mead, Judge.

Appeal from a conviction for unlawfully carrying a pistol, penalty a fine of $100.00.

The opinion states the case.

*Decker & Robinson,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful carrying of a pistol; punishment fixed at a fine of one hundred dollars.

Appellant complains of the receipt of testimony to the effect that while there was a general discharge of the pistols, one of the bystanders was wounded. The meagerness of the recital of the facts in the bill renders it impossible for us to determine whether the testimony was relevant or not. Even if irrelevant, however, the offense being definitely established and the minimum penalty assessed, the error, if any was committted in receiving the testimony, would not justify a reversal. It appears, moreover, that the jury was instructed to disregard the testimony mentioned.

Complaint is also made of the failure of the court to accord the appellant's counsel sufficient time to prepare a charge. The only charge given to the jury was that prepared by the appellant's counsel, instructing them to disregard the testimony above mentioned. The evidence is very short. No testimony was adduced by the appellant. Two witnesses testified that he was seen with a pistol under circumstances violative of the law. Nothing in the bill discloses the necessity of greater time than was allowed for the preparation of a written charge.

Appellant, by plea to the jurisdiction, attacks the indictment. There is a certificate of transfer, the caption of which is as follows:

"No. 49.

"The State of Texas v. Francisco Cisneros.

"Extract—Minutes of District Court, Willacy County, Texas. January 24, A. D. 1925."

This is followed by the certificate, from which we quote as follows:

"Court met pursuant to recess of yesterday. Present as of yesterday, whereupon the following proceedings were had, to-wit:

" 'On this day the grand jury came into open court, a quorum being present, and through its foreman presented into court the following true bills, to-wit: * * * One indictment, State of Texas vs. Francisco Cisneros, which was received by the court and ordered filed and docketed.'

"No. 40.                           January 26, 1925.
State of Texas,
vs.
Francisco Cisneros.        Transferred from County Court,
                                  Willacy County.

"The State of Texas,
County of Willacy.

"I hereby certify that the foregoing is a true and correct

statement of the proceedings in Criminal District Court, together with indictment hereto attached in the above styled and numbered cause.

"Given under my hand and seal, at office this the 3rd day of February, A. D. 1925.

"[SEAL]      Ben S. Duffield, District Clerk, Willacy Co., Tex."

Following the certificate is this endorsement:

"Endorsed: No. 49.   In County Court, Willacy Co., Texas. State of Texas vs. Francisco Cisneros.   Transcript & presentment of Indictment from Dist. Court."

Other proceedings show that the file number in the County Court was 49.   The plea to the jurisdiction is based upon the proposition that there is a discrepancy in the file number.   If, in fact, there was a discrepancy in the file mark, an amendment would have been in order.  See Caldwell v. State, 5 Texas Reports, 18; DeOlles v. State, 20 Texas Crim. App. 145; Boren v. State, 32 Texas Crim. Rep. 637; Rippey v. State, 29 Texas Crim. App. 37; Skinner v. State, 64 Texas Crim. Rep. 84; Rhodes v. State, 29 Texas Reports, 188; and other cases collated in Vernon's Tex. Crim. Stat., Vol. 2, p. 190.  Judging from the record before us, it is conceived that no such discrepancy appears.  The number of the case in the District Court seems to have been 40; that in the County Court, 49.   Exceptions were urged against the indictment upon the ground that it did not appear to have been filed in the Criminal District Court.   The certificate which we have quoted is sufficient to show that it was filed in the District Court.  In overruling the motion and exceptions, it is our opinion that no error was committed.

We fail to perceive any harmful error in the record.   The judgment is therefore affirmed.