## BERNIE GRAHAM v. THE STATE.

No. 20762.  Delivered January 24, 1940.
Rehearing Denied February 21, 1940.

The opinion states the case.

*Hutchison & Fisher*, of Paris, for appellant.

450

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted upon a plea of guilty to the possession of untaxed intoxicating liquor, and was by the court fined the sum of $100.00.

This appeal is predicated entirely upon the overruling of the motion for a new trial, and the bills of exception come to us in an irregular manner, to say the least. They consist of exceptions because the trial court failed to grant a new trial because of his failure to agree with appellant's attorney's contentions as set forth in certain paragraphs of such motion for a new trial; and again a bill of exception was reserved because the court refused to agree with the attorney's contention in a succeeding paragraph in said motion, and continuing in such manner until practically all such paragraphs have been exhausted. We also note that the court qualifies the major number of such bills as follows: "All objections were made at hearing on motion for a new trial; no objections whatever during the trial of this case." To each of these qualifications appellant's attorney excepted. On what grounds we are at a loss to determine. The facts are undisputed that the court's qualification in each such instance is true, and one of the bases for a new trial offered by appellant herein, although it is not necessary nor do we consider such qualifications .

Appellant's contention is that he was an ignorant negro, and that some officers beat him up and took him to the court house, and told him if he did not plead guilty they would beat him again, and put him in the Federal court. That he did not know what he was being held for, nor that he had a right of trial by jury, nor a right to two days time in which to prepare for trial. That he was taken before the county judge, and did plead guilty, and was fined $100.00 by the judge. Appellant's attorney offers a further ground for a new trial in that he alleges that the complaint and information were not filed at the time the plea was entered, and therefore Art. 29, C. C. P. was violated.

There was a hearing had on the motion for a new trial, and the witnesses, with the exception of appellant, testified to illtreatment in but one instance. It seems that a liquor board inspector and a deputy inspector were watching a place where appellant was then located and saw him, when approached by a woman, go outside of such enclosure, and, after lifting some planks which covered a hole in the ground, saw him pour something in a glass and then return and prepare to hand this

glass to another party. The inspector and deputy then came on the scene and demanded that appellant give them the glass which contained the liquid, whereupon appellant dashed such liquid, which was whisky, on the floor, and the inspector slapped appellant twice with his hand. They then went to the place where appellant had gotten this whisky, which was just outside the enclosure, and found five one-half pint bottles of corn whisky in a hole in the ground with no stamps attached thereto. Appellant was then taken to the county attorney's office, and the whisky was placed on the table. Assistant County Attorney Harrison said the inspector told him that he wanted to file on appellant for possession of untax paid liquor, and the attorney asked appellant what he wanted to do about it, and appellant said he was caught and wanted to plead guilty. He said he was guilty, and it was his whisky, and he could not do anything else but plead guilty. He said he wanted to plead guilty now, and the attorney wrote out the complaint and information, had them signed and filed, and went before the county judge, who entered the case on his docket. "The judge read the complaint and told the defendant what he was charged with, and asked him what he wanted to do, and he said he wanted to plead guilty, and he entered a plea of guilty. I filed the complaint and information before he entered a plea of guilty." Neither one of the arresting officers said a word to the defendant in the county attorney's presence about pleading guilty. Appellant asked for no lawyer, he asked for no time, he had no bruises perceptible, and said naught about anyone beating him up, and said nothing about any threats.

It also appears from the testimony that assistant county attorney took this negro into the county judge's office, and gave the complaint and information to the county clerk, who in turn gave them to the county judge, and the judge then interrogated the appellant. The judgment of the court then recites that the appellant pleaded guilty, after being duly admonished by the court of the consequences thereof, and waived a trial by jury, and submitted his case to the court, and the court found him guilty, and assessed a fine of $100.00, the lowest under the law. The county clerk testified that these papers were handed to him for filing, and that he handed them to the county judge, and did not endorse a file mark thereon, nor place his name thereon until after the judge had entered the case on his docket, and heard the plea of guilty, but that the same were handed to him for filing prior to being given to the judge.

We think that the handing of certain papers to the clerk

with the intent and purpose that they shall be kept among and treated as papers in the case, should be considered as having been filed in such case, and the failure of the clerk to place his name thereon, showing when filed, could be remedied nunc pro tunc. See Skinner v. State, 64 Texas Crim. Rep. 84, 141 S. W. Rep. 231; also Branch's Penal Code, p. 265, and many cases there cited.

The gist of appellant's complaint lies in the fact that he was arrested, filed on, and had pleaded guilty in from forty-five minutes to an hour after his arrest for the commission of the alleged offense; that he did not know that he could have demanded a jury, nor that he had, under the statutes two days in which to prepare for trial, and that he pleaded guilty because he was beaten and threatened and coerced into pleading guilty to something that he did not do. The appellant's testimony is in direct conflict with all the State's witnesses, as well as the judgment of the court. The record bears out the qualification of the county judge to the bills of exception of appellant, although appellant excepts to each and every qualification thereof. It is our opinion that the county judge was well within his rights when he overruled appellant's motion for a new trial. He had a right to discard appellant's testimony and accept that of the remaining witnesses, and refuse the motion for a new trial. We confess that we can see no reason for the granting of this motion.

The judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

KRUEGER, Judge.

Appellant, in his motion for a rehearing, insists that we were in error in holding that the complaint and information were in fact filed with the clerk of the county court at the time that appellant entered a plea of guilty to possessing untaxed whisky.

As stated in the original opinion, this matter was first called to the court's attention on motion for new trial. In addition to what we said there, it might be noted that if the appellant desired to raise this question, he should have done so before his trial. Such matters cannot be raised for the first time after verdict. See Landreth v. State, 166 S. W., 503; Starbeck v. State, 109 S. W., 162; Brogdon v. State, 63 Tex. Crim. Rep., 475. As was stated by this court in the case of Hall v. State, 156 S. W., 644: "Further replying to this motion in arrest of judgment, it will be noticed under all the decisions

that this matter cannot be taken advantage of by motion in arrest of judgment; that is with reference to the filing. These matters must come on motion to quash. We are of the opinion that, in reference to these matters, there is no merit, and the law is against appellant's contention."

Appellant also contends that we erred in holding that he had WAIVED a jury. Looking to the judgment in the record, we find that it recites that appellant WAIVED A JURY and entered a plea of guilty before the court. The proof offered on the motion for a new trial is contradictory and is, in our opinion, not strong enough to overcome the presumption of verity which attaches to the judgment. Appellant stated that he did not waive a jury. The assistant county attorney testified that he was present in court and it was his impression that appellant did waive a jury. This, together with the recitals in the judgment, raised an issue which the trial court decided adversely to appellants contention. The cases of Wagner v. State, 219 S. W., 471 and Williams v. State, 245 S. W., 413, cited by appellant in support of his position are distinguishable. In neither of those cases was there testimony that appellant had waived a jury, while in the instant case such an issue was raised. Moreover, in the instant case it might be noted that there is no contention on appellant's part that he was not guilty of the offense. He merely complains because of the manner in which the trial was had. Assuming his guilt, which he admitted, we fail to see how he could have fared any better at the hands of a jury than he did before the court. He received the minimum penalty prescribed by law for this offense. However, a defendant *is* entitled to a trial by jury unless it is waived. As stated in the original opinion, under the facts as disclosed by the record, we think the trial court was justified in overruling appellant's motion for a new trial.

The motion for a rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.