## ALBERT NOWLEN V. THE STATE.

*No. 432.   Decided March 17.*

**Charge—Presumption of Innocence—Reasonable Doubt.**—Where the court charged the jury, "If you believe the defendant innocent, you will acquit him," and it was excepted to, because not the law, misleading, and prejudicial to defendant, *Held*, when considered in connection with the whole charge, not likely to have misled the jury, especially as they were instructed in apt terms as to the presumption of innocence and reasonable doubt, and told, "in case you have a reasonable doubt as to defendant's guilt, you will acquit him."

·APPEAL ·from the District Court· of Grayson. Tried below before Hon. DON A. BLISS.

· This appeal is from a conviction of burglary, the· punishment assessed being two years in· the penitentiary.

The house burglarized· was 'the saloon of W. J. Stern, in the city of Denison. The property proved to have been stolen from the house was $14.80, which had been left in the cash drawer by the bartender when he shut up the house for the night, and a pistol. The entrance was made through a window. Next morning the empty cash drawer was found in an alley. Dink Laren, Henry Johnson, and defendant are shown to have been implicated in the burglary. After its commission, the pistol was found at a pawnbroker's. The parties fled, and defendant was arrested in the Indian Territory and brought back to Denison. He confessed to a policeman, after being warned, that he stood close by and watched while his confederates broke into the house and stole the property. The objections to the charge of the court as given to the jury are fully stated in the opinion.

No briefs with the record.

HURT, PRESIDING JUDGE.—The court charged the jury: "If you believe the defendant innocent, you will acquit him." This charge was objected to, because misleading, prejudicial, and not law—though "misleading" or "prejudicial" is not stated in the bill of exceptions. That it was law can not be questioned. To this charge might have been urged the objection that it required the jury to believe the defendant innocent before they could acquit him, the rule being, that "guilt must be established beyond a reasonable doubt, or they should acquit him." That such an impression was made upon the minds of the jury is not at all probable when the whole charge is looked to. The court charged: "The defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence beyond a reasonable doubt; and in case you have a reasonable doubt as to the defendant's guilt you will acquit him, and say so by your verdict, 'Not guilty.'"

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.