### Jake Myers v. The State.

#### No. 4063. Decided February 19, 1908.

**Local Option—Evidence—Search and Seizure—Contemporaneous Transactions.**

Upon trial for a violation of the local option law, the State introduced testimony of a seizure under a search warrant of a quantity of intoxicating liquors in the possession of defendant, some six weeks after the alleged sale for which defendant was being tried. Held, that the contemporaneous possession of intoxicating liquors by defendant is admissible in evidence where he is being prosecuted for the sale of intoxicating liquors in violation of the local option law; however, this testimony did not show reasonably contemporaneous possession, and its admission was reversible error. Overruling Parish v. State, 48 Texas Crim. Rep., 578; Harris v. State, 50 Tex. Crim. Rep., 411, 97 S. W. Rep., 704; Harris v. State, 100 S. W. Rep., 920. Davidson, Presiding Judge, dissenting.

Appeal from the County Court of Fannin. Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and twenty days confinement in the county jail.

The opinion states the case.

*McGrady & McMahon,* for appellant.—On question of admitting evidence of seizure, etc.: Carnes v. State, 51 Texas Crim. Rep., 437; 103 S. W. Rep., 403, and cases cited in opinion.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the local option law, his punishment being assessed at $25 fine and twenty days in the county jail.

We do not deem it necessary to pass upon but one question, and that is presented by bills of exception Nos. 3 and 4. Bill No. 3 shows that the State was permitted, over appellant's objection, to prove by the witness Tom Adams, the following facts: "Some time this year, I don't remember just when, the officers came to defendant's place of business and seized, under a search warrant, forty-three quarts of whisky and about one thousand bottles of frosty, some labeled and some unlabeled. Defendant replevied the goods and got them back. I was working for the defendant at the time, selling frosty and other soft drinks but did not sell whisky, and knew nothing about the whisky being there. It was in another room, and I had no access to it." Appellant objected to this testimony on the ground that same was irrelevant and immaterial; and calculated to prejudice the jury against the defendant, throws no light on the transaction, was not shown to have been at or about the time of this alleged sale, and did not prove that witness had or kept whisky at the time of the sale alleged to have been made; did not prove any system but was evidence tending to show other violations of the law, and in no way connected with this transaction. The bill is approved with this statement by the court: " Evidence had been submitted by defendant to the effect that he was the purchaser instead of the seller of the whisky in question, and evidence complained of was admissible for what it was worth as tending to show the falsity of defendant's defense, and was admitted for that purpose only."

Bill of exceptions No. 4 shows that State's counsel on cross-examination of appellant, over his objection, proved by appellant, the following: "About six weeks after this sale is alleged to have been made, about the middle of May this year, the officers came to my place of business and seized forty-three quarts of whisky and about one thousand bottles of frosty, some labeled and some unlabeled. I gave a replevy bond and got them back. Such whisky and all of the unlabeled frosty was condemned by the justice and county courts as a nuisance and the State secured judgment against me and my sureties for the amount of the goods and the fees allowed the officers and costs. I appealed the case to the Court of Civil Appeals, and it is now pending in the higher

court." To this last testimony appellant objected, because all of such transaction was after the alleged offense, did not tend to prove system, the sale in this case having been shown by the State's witness to have been a straight sale or nothing; because the judgment of the other court was the best evidence; because irrelevant and immaterial, threw no light on this case, and was offered for the purpose of and calculated to prejudice the minds of the jury against the defendant; was proving other offenses and suits against the defendant that did not involve moral turpitude and was inadmissible for any purpose.

The information in this case charges that appellant sold the whisky to the prosecuting witness on or about the 14th of April, 1907, and the prosecuting witness swears that on Sunday, April 14, 1907, he purchased the whisky. Bill of exceptions No. 4, as shown above, shows that the whisky was seized by the officers about six weeks after the sale was alleged to have been made, about the middle of May this year. As appellant suggests, this testimony was held by this court in the cases of Parish v. State, 48 Texas Crim. Rep., 578; 89 S. W. Rep., 830; Harris v. State, 50 Texas Crim. Rep., 411; 97 S. W. Rep., 704, and Harris v. State, 100 S. W. Rep., 920, to be inadmissible for any purpose. As suggested in said opinions, the testimony is not admissible for the purpose of showing intent, system or res gestæ, but after more careful consideration of this character of testimony, we hold that contemporaneous possession of whisky or other intoxicants by appellant is admissible where he is being prosecuted for the sale of intoxicating liquors in violation of the local option law. Certainly, if appellant could prove that he had no whisky and never had had or handled any whisky, this would be a strong circumstance to corroborate his statement that he did not sell appellant any whisky. Then, with the same degree of rationality does it not follow that if the State can prove that appellant has in his possession a large quantity of intoxicants, this fact should not be admissible for the purpose of corroborating the State's witness and rendering probable the fact that he did sell the whisky? We think it is, and no legal reason can be urged why it is not, as suggested in said opinion; it is not proving another offense, because it is no offense to have whisky in a local option district. If A says to B, I bought a quart of whisky from a certain saloon, the fact of purchasing it from the saloon adds verity to the statement that it was purchased; but if A says to B, I purchased a quart of whisky from a minister of the Gospel, it certainly would go to discredit the statement that he had purchased it at all. Then it follows, as night follows day, that if appellant had, contemporaneous with the time of the sale of this whisky, if it was sold, a large quantity of whisky, as this evidence shows, in his possession, it ought to be, and is admissible for the purpose of corroborating the prosecuting witness that appellant sold him the whisky. Of course, if the prosecuting witness had a large quantity of whisky on hand at the time of the alleged sale, appellant having sworn that the prosecuting witness sold him the whisky, no court, we

apprehend, would decide that appellant could not show the fact that the prosecuting witness was running a saloon as corroborative of the statement that he sold appellant whisky. Then, of course, the converse of the rule follows: where the prosecuting witness swears that appellant sold him whisky, the possession, contemporaneous with the alleged sale, of a large quantity of whisky and beer by appellant would be a circumstance rendering it probably true, or tending at least, to show the probable truth of prosecuting witness' statement that he did sell him the whisky. Now, the question recurs, was the possession of the whisky contemporaneous, or reasonably contemporaneous with the alleged sale. We think not. The fact that it was about six weeks afterward that the officers seized forty-three quarts of whisky and one thousand bottles of frosty does not render it reasonably probable that appellant was running a saloon at the time of the alleged sale of the whisky. It follows, that the above cited decisions must be overruled in so far as they lay down a converse conclusion to that here reached. However, we do not believe it was permissible to show the result of the litigation in the county and justice courts, and the appeal of said litigation to the Court of Civil Appeals, nor is it admissible to show that the officers seized certain whisky belonging to appellant, on or about the time the sale is alleged to have been committed. It will be seen above that the fine in this case was the minimum fine and the introduction of this testimony, in the light of said fact, would not ordinarily authorize a reversal of the case, but the facts in this case show that three witnesses swore positively that the prosecutor sold appellant the whisky and only one witness swore that appellant sold prosecutor the whisky. This being the state of the record, we cannot say that said testimony was not calculated to injure the rights of appellant. It being so calculated, in the light of this record, it is reversible error to have admitted same.

The judgment is accordingly reversed and the cause is remanded.

*Reversed and remanded.*

DAVIDSON, PRESIDING JUDGE (dissenting).—I think Parish v. State, 48 Texas Crim. Rep., 578; 89 S. W. Rep., 830; Harris v. State, 50 Texas Crim. Rep., 411; 97 S. W. Rep., 704; and Harris v. State, 100 S. W. Rep., 920, announce the correct rule, and should not be overruled. I refer to those cases for reasons why I decline to agree to the conclusion of the majority here announced.