JAKE MYERS v. THE STATE.

No. 4376. . Decided February 3, 1909.

Rehearing denied May 19, 1909.

**1.—Local Option—Continuance—Collusion.**

Where the testimony set out in the application for continuance is not material or probably true in the light of the record, there was no error in overruling same. Besides the facts suggest collusion.

**2.—Same—Evidence—Contemporaneous Transaction.**

Upon trial for a violation of the local option law there was no error in showing on cross-examination of the defendant that he had whisky on hand

like that which he was alleged to have sold to the prosecuting witness. Following Wagner v. State, 53 Texas Crim. Rep., 306.

**3.—Same—Charge of Court—Accomplice—Invited Error.**

Where upon trial of a violation of the local option law the court charged on accomplice testimony, and the defendant had requested a similar charge, he could not complain as he invited the charge, even if it was error.

**4.—Same—Argument of Counsel.**

Where upon trial of a violation of the local option law the argument of State's counsel was simply a reply to that of defendant's counsel there was no error.

Appeal from the County Court of Fannin.   Tried below before the Hon. H. A. Cunningham.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $50 and thirty days confinement in the county jail.

The opinion states the case.

*McGrady & McMahon,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—This conviction was for violating the local option law, the punishment assessed being a fine of $50 and thirty days in jail.

Appellant's first bill of exceptions complains of the action of the court in overruling his first application for continuance or postponement of the case until the following day for the want of the testimony of Henry Peck, who had been duly subpœnaed but had gone out of town about eight miles that day, expecting the case to be delayed, as there were a number of cases ahead of it, and thinking he could get back in time for trial.   The bill shows that appellant expected to prove by the witness Peck that he purchased a quart of the same kind of whisky claimed to have been bought by Bryant, from appellant, the night before this alleged sale.   That he went with Bryant to his boarding house and got the whisky.   The theory of the appellant being denying the sale absolutely; that Bryant was engaged in selling whisky, and sold this to Kitchell, and then, to avoid prosecution, claimed that he was merely the agent of Kitchell in purchasing it from appellant. The testimony of three witnesses shows that Bryant kept whisky in large quantities at his boarding place; and appellant insists that the testimony, taken as a whole, shows that Bryant was the real seller, instead of appellant, which makes the testimony of Peck (the absent witness)  important.   We do not believe this testimony is material, or probably true, in the light of this record.   Furthermore, the facts suggest collusion on the part of appellant in the absence of the witness.

Bill of exceptions No. 2 shows, while defendant was on the stand testifying in his own behalf, the State propounded to him the following question: "Haven't you had Yellowstone whisky in your possession and

on hand—the kind that Hamp Bryant claims you sold him?" To which question appellant objected, and refused to answer, because a straight sale was alleged in this case, and there could be no issue of a subterfuge, and no reason to prove system and did not prove system. That it was an attempt to prove other offenses of having whisky in his possession, showing opportunity to commit them, and was absolutely irrelevant and immaterial to any issue in this case, and introduced for the purpose of prejudicing the jury against the defendant, and calculated so to do. All of which objections being overruled, appellant answered: "I don't know that I have had Yellowstone, but suppose I have." The State's attorney then asked the following question: "Haven't you had whisky at all times?" Appellant objected for reasons stated above, which objections were overruled, and appellant answered: "I don't think I had any at that time, but most of the time I did have whisky." This testimony was admissible as a circumstance to corroborate the State's case, and to show that appellant was selling whisky. See Southworth v. State, 52 Texas Crim. Rep., 532, and Myers v. State, 52 Texas Crim. Rep., 558; Wagner v. State, 53 Texas Crim. Rep., 306.

Bill No. 3 complains of the following charge of the court: "A conviction can not be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed, and it is not sufficient if it merely shows the commission of the offense. An accomplice, as the term is here used, means anyone connected with the crime committed, either as principal offender, as an accomplice, as an accessory or otherwise. It includes all persons who are connected with the crime by unlawful act or omission on his part, transpiring either before, at the time, or after the commission of the offense, and whether or not he was present and participated in the commission of the crime. Now, if you believe from the evidence that the witness Hamp Bryant was an accomplice, as that term is defined in the foregoing instruction, then you are further instructed that, before you would be authorized to find the defendant guilty, you must not only believe the testimony of the witness Hamp Bryant to be true, but you must further find from the evidence that said Hamp Bryant has been corroborated by other testimony, showing both the commission of the offense charged as well as connecting the defendant therewith. The corroborating testimony necessary under the law must be material facts connecting the defendant with commission of the offense charged." Appellant objects to this charge on the ground that it is unwarranted and uncalled for by any evidence adduced on the trial, and was upon an issue not raised by the testimony and not charged in the information, aud authorized the jury to find the defendant guilty if he and Hamp Bryant, the party to whom the sale is alleged to have been made in this case, acted together in a sale to J. A. Kitchell. This bill is approved with the following qualification: "That defendant's counsel presented his special charge No. 2, embodying a similar charge, after main charge

was prepared, but before main charge was read to jury." Even if error, this is an invited error under the explanation of the court, of which appellant can not complain.

Bill No. 4 complains of the argument of the county attorney in his closing speech, wherein, among other things, he said that the reason the witness Bryant left the county was to keep from testifying in this case, and that the defendant caused him to leave. Appellant then and there objected to said argument, and asked the court to instruct the county attorney to stay within the record, and instruct the jury not to consider such argument, and the court refused to stop the county attorney in such argument. After the argument had been closed and the court had delivered and read his charge in writing to the jury, the defendant filed and asked the court to give the following charge: "I charge you, gentlemen of the jury, not to consider the argument of the prosecuting attorney in the closing argument as to the witness Hamp Bryant leaving Fannin County because he was a witness against defendant." The court refused to give this charge. The bill is approved with this qualification: "That, at the time of the above complained-of argument, county attorney was replying to an argument made by defendant's counsel, to the effect that a man, such as witness Bryant, who would leave his bondmen, was not worthy of belief, and that Bryant left to waive prosecution; and county attorney argued that all the facts and circumstances in case should be looked to in determining whether or not he had sworn truthfully, and suggested that it was as reasonable to believe that he had been induced to leave by defendant as that he would go on account of case against him." We think the argument was a legitimate retort upon defense argument.

We find no error in this record, and the judgment is affirmed.

*Affirmed.*

[Rehearing denied May 19, 1909.—Reporter.]