### ROGER FIELD v. THE STATE.

#### No. 4582. Decided March 17, 1909.

**1.—Local Option—Charge of Court—Sale.**

Where upon trial of a violation of the local option law, any error in the court's main charge with reference to sale, gift, agency, etc., was covered and corrected by requested charges which were submitted, there was no error.

**2.—Same—Evidence—Other Transactions.**

Where the answer to the question as to other whisky was of no importance and had no substantial bearing on defendant's guilt, there was no error, and if it related to contemporaneous transactions with reference to the alleged sale the testimony was admissible.

**3.—Same—Charge of Court—Harmless Error.**

While a charge of the court which submitted the question of the guilt or innocence of the defendant was error, yet under article 723, Code Criminal Procedure, it not being shown that the error was calculated to injure the rights of the defendant, the same was not reversible error; especially where the court also charged that defendant was presumed to be innocent until his guilt was established by legal evidence beyond a reasonable doubt, etc., and the charge considered as a whole submitted alone the issue of defendant's guilt.

Appeal from the County Court of Ellis. Tried below before the Hon. J. T. Spencer.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $100 and sixty days confinement in the county jail.

The opinion states the case.

*Farrar & McRea, H. R. Stovall & T. H. Collier,* for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This is an appeal from a conviction in the County Court of Ellis County on an indictment duly preferred for a violation of the local option law, the punishment assessed being $100 fine and sixty days confinement in the county jail.

The facts show, in substance, that in the latter part of April or first of May, 1907, the witness G. P. Zellner bought a quart of whisky from appellant. He states the facts thus: "I had been up to my mail box after the mail, which is just a short distance up the road above Roger Fields' house, and as I came back down the road by Roger Fields' house he came out to the fence and I stopped and talked to him awhile, and during the conversation he asked me if I would like to have some whisky. I asked him what kind of whisky it was, and he said it was 'Paul Jones.' I told him I would take a quart, and he called to one of his children and told it to tell its mother to send him a quart of 'Paul Jones' whisky, and in a few minutes the child brought out the whisky, and I asked him how much it was worth, and the defendant said $1.25. I started to pay him and he told me to credit his account with that amount. He owed me $1.27 for a piece of ham and two and one-half dozen of eggs that I had let him have sometime before this. I told him that would be all right and settled his account with the whisky."

On cross-examination the witness reaffirmed the substantial correctness of the facts in respect to the matter on which the prosecution rests by stating that sometime after this he had got another bottle of "Paul Jones" whisky at another time, but that this was after he got the first bottle; that in this case Fields was going to Dallas and that he went over to where he was and asked him to bring him (witness) a bottle of whisky, and gave him $1.25 with which to get it. Appellant denied selling the prosecuting witness the whisky, but admitted that on one occasion Mr. Zellner had asked him to bring him a bottle of whisky from Dallas, where he was going, and also that on another occasion that he gave him a bottle of whisky. He denied having got any eggs from Zellner or having bought any ham from him, explaining that while his mother was sick on one occasion, Zellner gave him a small piece of ham. There was considerable testimony pro and con of bad blood between the

prosecuting witness Zellner and appellant, but the above are substantially the important and controlling facts touching the sale.

1. The court, in his general charge gave, in a general way, a fairly correct charge, submitting the contested issue to the jury. If it could in any way be held to be erroneous, any error in it was corrected by the following special charges given at the request of appellant: "It is no violation of the local option law to give away intoxicating liquor in local option territory, and if you believe from the evidence, if any, that Roger Fields delivered or had delivered to G. P. Zellner intoxicating liquor, but intended at the time not to receive any money or any compensation therefor, then he would not be guilty even though said Zellner in fact gave him credit on a preexisting debt, if he did; and if you have a reasonable doubt as to defendant's guilt under the above proposition you will acquit him." Special charge No. 4: "You are instructed that one who purchases intoxicating liquor for another, and delivers it to him is not guilty of violation of the local option law, nor does the purchaser have to get the money or purchase price from his principal before making the purchase to remain guiltless in a purchase and delivery. He may advance the purchase price and thereafter collect the purchase price so advanced either at the time or after delivery of the intoxicant and collect it either in money or by crediting a pre-existing debt, and in neither event will he be guilty of a violation of the local option law. Now, you are instructed, if you should believe from the evidence, if any, that Roger Fields at the request of G. P. Zellner bought a quart of whisky for G. P. Zellner and advanced the purchase price therefor, and afterwards delivered or had delivered said whisky to Zellner, and Zellner credited a debt Roger Fields owed him for the purchase price so advanced, then Roger Fields would not be guilty of selling intoxicating liquor in violation of the local option law, and you must acquit him, and if you have a reasonable doubt as to defendant's guilt as herein instructed you must acquit him."

2. There are but two bills of exception in the record, neither of which is important, and in respect to neither of which do we believe there was any substantial error, if error at all. It is complained in the first place that the court erred in permitting the county attorney to ask appellant, while on the witness stand, the following question: "How much whisky, other than the whisky you sold Zellner, did you buy while you was in Dallas?" This was objected to on the ground that it was immaterial how much other whisky the defendant bought while in Dallas, or elsewhere, and was calculated to injure appellant's rights, and prejudice his case before the jury. The objection being overruled, the witness answered that he bought a pint bottle of whisky to drink, and which he did drink on the road coming home. This answer was of no such importance as could have, in the nature of things, had any substantial bearing on appellant's guilt in regard to the particular transaction.

3. Again, complaint is made of the alleged error of the court in permitting the witness Charley Fields to be asked and required to answer the following question: "How much whisky, other than the whisky Zellner got, did you take out home for Roger Fields, at the same time you carried the whisky for Zellner?" To which appellant objected on the ground that same was immaterial, and was calculated to prejudice the defendant's rights before the jury, which objections were thereupon overruled by the court, and the witness required to answer, and he did answer, that he carried three other quarts of 'Paul Jones' whisky to the defendant's house at the same time he carried the whisky for Zellner. - As we understand from the bill, though it is quite vague, this transaction relates to the incident and matter, and was at the same time, that appellant bought, while in Dallas a quart of whisky for Zellner. If so, it could have little bearing on the question of the sale testified to by Zellner at another time. If it related and had reference to the time when it is alleged that appellant sold the whisky to Zellner, it was admissible under the authority of Wagner v. State, 53 Texas Crim. Rep., 306, where we held, in substance, that possession by appellant of a considerable quantity of whisky contemporaneous with the time of the alleged sale, was a circumstance to be considered by the jury and admissible to show the possession by a defendant of intoxicating liquors and his ability as well as inducement or motive for making a sale.

We think there was no error of any moment committed on the trial of the case, and that the judgment should be affirmed, and it is so ordered.

*Affirmed.*

ON REHEARING.

March 17, 1909.

RAMSEY, JUDGE.—A motion for rehearing discussing at some length some of the questions treated in the original opinion has been filed, and also calling special attention, with some emphasis, to what is claimed to be an error in the court's charge in respect to some other transactions testified about, and which were not immediately involved in the particular transaction for which appellant was convicted.

Among other things, the court charged the jury that "evidence of any other transaction which may have been offered in evidence before you, you can consider for no other purpose than to assist you in determining the question of the guilt or innocence of the defendant in the case upon trial." It is urged that this paragraph of the court's charge is erroneous in that it was no part of the duty or province of the jury to determine the innocence of appellant, but that unless the evidence showed his guilt he was entitled, as a matter of law, to an acquittal; that the charge of the court was upon the weight of evidence, in that the court instructs the jury that the matters re-

ferred to could be considered, among other things, for the purpose of establishing the innocence of the defendant, and that this charge inferentially requires him to produce evidence to show his innocence and makes the proof important as showing this fact. And further, that the evidence of the transactions other than the transaction for which he was being prosecuted and other than the transaction elected by the State, being introduced by the State both in cross-examination of appellant and the other witnesss, should have been excluded by the court in his charge to the jury, but instead of doing so the jury were in effect told in the charge that they could consider such evidence for the purpose of determining the guilt or innocence of the defendant. There would seem to be no doubt that this charge is erroneous under the decisions in the cases of Patterson v. State, 12 Texas Crim. App., 222; Hackett v. State, 13 Texas Crim. App., 406; Smith v. State, 13 Texas Crim. App., 507; McNair v. State, 14 Texas Crim. App., 78; Holland v. State, 14 Texas Crim. App., 182, and Lewis v. State, 29 Texas Crim. App., 105. The cases cited, however, were cases where the substantial issue was submitted to the jury to determine from the evidence the guilt or innocence of the accused. In none of them was such a charge given in respect to the other transactions which might have been appropriated by the jury in a way adverse to appellant. The error is not, it seems to us, a substantial one or one which in the nature of things could have injured appellant. Article 723 of the Code of Criminal Procedure reads as follows: "Whenever it appears by the record in any criminal action, upon appeal of the defendant, that any of the requirements of the eight preceding articles have been disregarded, the judgment shall not be reversed unless the error appearing from the record was calculated to injure the rights of the defendant, which error shall be excepted to at the time of the trial, or on motion for a new trial." Now, in this case the court, on the general issue of the guilt or innocence of the defendant, had in terms instructed the jury that appellant was presumed to be innocent until his guilt was established by legal evidence beyond a reasonable doubt, and that in case the jury had a reasonable doubt as to the defendant's guilt, they would acquit him and say by their verdict not guilty. In addition to this, under the charge of the court the jury were required to find beyond a reasonable doubt that the appellant did sell the liquors substantially as charged in the indictment. So that, considering the charge altogether, it seems to be placed beyond doubt or controversy that on the main issue the guilt, and the guilt alone of appellant, was submitted and the jury were required to find such guilt beyond a reasonable doubt. It will be noted further that the cases cited were all rendered long before the passage of the article of our Code of Criminal Procedure above referred to, which was approved March 12, 1897. If in our judgment it were debatable as to whether this charge did or could in the nature of things have injured appellant, we

would not hesitate to set aside the judgment of conviction. See Nowlen v. State, 33 Texas Crim. Rep., 141.

The motion for rehearing is therefore overruled.

*Overruled.*