## A. R. WRBA v. THE STATE.

### No. 2418.   Decided April 23, 1913.

### Rehearing refused May 21, 1913.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence sustained the conviction, there was no error.

**2.—Same—Evidence—Other Transactions.**

Upon trial of a violation of the local option law, there was no error in admitting testimony that defendant kept alcohol in his drug store, it being charged that defendant had sold alcohol.   Following Wagner v. State, 53 Texas Crim. Rep., 306, and other cases.

**3.—Same—Argument of Counsel.**

In the absence of bills of exception to the argument of counsel, the matter cannot be considered on appeal; besides, the argument of counsel was proper.

Appeal from the County Court of Johnson.   Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $25 and thirty days confinement in the county jail.

The opinion states the case.

*Odell & Johnson,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of the offense of selling intoxicating liquors to W. R. Cooper in a county where the sale of such liquors had been prohibited.

The evidence amply supporting the verdict, the only questions neces-

sary to be decided are those raised in the three bills of exception, this being a misdemeanor conviction.

In the first bill of exceptions it is shown that on cross-examination of defendant the State was permitted to ask him if he kept any kind of intoxicating liquor for sale in his drug store, to which question he answered that he kept alcohol. The prosecuting witness in this case had testified appellant sold him a half pint of alcohol; and whether or not he kept such an article for sale was a legitimate inquiry. Wagner v. State, 53 Texas Crim. Rep., 306; Starbeck v. State, 53 Texas Crim. Rep., 192; Myers v. State, 52 Texas Crim. Rep., 558; Field v. State, 55 Texas Crim. Rep., 524; Myers v. State, 56 Texas Crim. Rep., 222.

The only other bills in the record relate to the failure of the court to give some special charges relating to the argument of the county attorney. There are no bills of exception showing that such remarks were made by the county attorney. We think the remarks not improper as they were based on legitimate deductions from the testimony.

The judgment is affirmed.

*Affirmed.*