### JOHN COWLEY v. THE STATE.

No. 2816. Decided December 3, 1913.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, there was no error on that ground.

**2.—Same—Evidence—Other Transactions.**

Upon trial of a violation of the local option law, there was no error in permitting the State to prove, by the agent of an express company, that defendant received and receipted for different shipments of intoxicating liquor prior to and about the time he was charged with having made a sale of intoxicating liquors. Following Wagner v. State, 53 Texas Crim. Rep., 306, and other cases.

**3.—Same—Evidence—Other Transactions.**

Where, upon trial of a violation of the local option law, the State showed the sale of only one-half pint of intoxicating liquor, it was reversible error to permit the express agent to testify that half-pint packages of liquor were received by other parties, and with which defendant was not connected.

**4.—Same—Evidence—Rebuttal.**

Where defendant was charged with selling intoxicating liquors in local option territory, he should have been permitted to show that he did not sell such liquor, but only procured same for the prosecuting witness as an accommodation.

**5.—Same—Hearsay.**

What another party may have told the witness was clearly hearsay and inadmissible and presents no error.

**6.—Same—Agency—Charge of Court.**

Where, upon trial of a violation of the local option law, the court's charge on agency was not borne out by the facts and was erroneously submitted, the same was error.

Appeal from the District Court of Bowie. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of a violation of the local option law; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

*J. S. Crumpton,* for appellant.—On question of agency: Branch Crim. Law, sec. 569.

On question of showing other shipments of liquor to other parties: Gaines v. State, 138 S. W. Rep., 387.

.On question of rejecting defendant's proof of agency: Cox v. State, 8 Texas Crim. App., 254; Irby v. State, 25 id., 203; Givens v. State, 35 Texas Crim. Rep., 563; Simmons v. State, 31 id., 227.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of selling intoxicating liquors in prohibition territory, and his punishment assessed at one year confinement in the penitentiary.

Appellant earnestly insists that the evidence in this case will not sustain a conviction. To this we can not agree, but think the evidence offered in behalf of the State ample to justify a conviction, but as it will be necessary to reverse the case on other grounds we will not give it in detail, nor discuss it further.

The State proved by the agent of the express company at New Boston that appellant received and receipted for the following shipments of liquor about and prior to the time he is charged with having made a sale in this case: October 12, twelve quarts of whisky; October 13, twelve quarts of whisky; October 19, twelve quarts of whisky; October 20, twelve quarts of whisky; October 26, 120 pints of beer; November 4, twenty-four pints of whisky; November 13, twelve quarts of whisky; November 21, twenty four pints of whisky.

This testimony was objected to. This question has often been before this court, but finally it was determined that it was admissible to show that appellant was in possession of the article alleged to have been sold. See Wagner v. State, 53 Texas Crim. Rep., 306; Starbeck v. State, 53 Texas Cim. Rep., 192; Myers v. State, 52 Texas Crim. Rep., 558. Since the rendition of those opinions this has been the unbroken line of decisions in this court, and is no longer an open question. However, after proving the reception of this liquor, as the evidence offered in behalf of the State showed the sale of only one-half pint, the State was permitted to show by the express agent that although the waybills showed quarts and pints of whisky received, yet he had occasion in the past to examine some packages thus marked, and they would really contain pint and half pint bottles. He was asked if he had examined any packages received by appellant and found this condition to exist and he answered no. We do not think that what he found in packages addressed to other people, and with which appellant is in no way shown to have had any connection, was admissible against appellant, and the court erred in permitting the witness to thus testify. If he examined packages addressed to appellant and found such condition to exist he could so testify.

Defendant testified that the prosecuting witness had approached him

and asked him to get him some whisky from Oliver Daniels, and that he did procure the whisky from Oliver Daniels. He offered to prove by Milam Johnson the following facts, as shown by the bill: "That on or about 3:30 or 4 o'clock on the day of the alleged sale, defendant approached witness and asked witness if he knew where Oliver Daniels was. Also stating to witness that he wished to get some whisky from Daniels for an old negro who was sick. That witness directed defendant to Daniels. That defendant left witness in the direction of Daniels. And that immediately thereafter the defendant delivered to witness, John Smith, one-half pint of whisky." This all took place prior to the alleged sale and would have a strong tendency to support appellant's theory of the case. When he testified that he went in search of Oliver Daniels and got the whisky from him and delivered it to the prosecuting witness, if Milam Johnson knew as a fact that appellant was searching for Oliver Daniels, and went in the direction where Oliver Daniels then was, and immediately thereafter delivered the whisky to the prosecuting witness, we can not understand by what rule of law this much of the evidence was excluded, and the court erred in doing so.

What Oliver Daniels may have told the witness Tom Morris would be clearly hearsay and inadmissible and the court did not err in so holding.

The court instructed the jury: "If, however, you believe from the evidence beyond a reasonable doubt that the defendant was the agent of Oliver Daniels, and that defendant unlawfully sold the intoxicating liquor described in the indictment to John Smith, as such agent of said Daniels, in Bowie County, Texas, on or about November 23, 1912, then, in that event, if you so believe beyond a reasonable doubt, the defendant would be guilty, and you should so find." As there was no evidence raising the issue that if appellant did procure the whisky from Oliver Daniels that he was the agent of Daniels, this part of the charge should not have been given, but under the facts of this case the issue was correctly presented in the following special charge requested by appellant: "You are instructed the law to be that if defendant, at the time of the delivery of this whisky, and of the demand therefor, the defendant was not interested in said sale, but was merely acting at the time as agent for the purchaser of said whisky, you will acquit him."

While this special charge may be said to have been sufficiently covered by the charge, as given, if the above excerpt presenting the reverse of the special charge had not been given, yet, as there was no evidence that appellant was the agent of Oliver Daniels the charge, as given, was erroneous.

The remainder of the motion for a new trial presents no error.

Reversed and remanded.

*Reversed and remanded.*