## Syl Martoni v. The State.

### No. 3133. Decided May 20, 1914.

**1.—Local Option—Sufficiency of the Evidence—Detective—Accomplice.**

Where, upon trial of a violation of the local option law, the chief State's witness was a detective, he was not an accomplice, and there was no error in the court's failure to charge on accomplice testimony, and the evidence being sufficient, there was no error.

**2.—Same—Suspended Sentence—General Reputation—Evidence.**

Where defendant filed a sworn plea to have his sentence suspended, if convicted, he thereby placed his general reputation in controversy, and it was permissible for the State to show that he had been indicted for various offenses, among which was that of boot-legging, and that indictments therefor were pending against him. This was also admissible to affect his credibility as a witness.

**3.—Same—Evidence—Cross-examination.**

The cross-examination of defendant's witness need not be limited to what defendant has drawn out on direct examination, and the State has a right to ask any question that was material in the case and have him answer same.

**4.—Same—Other Transactions—Search.**

Upon trial of a violation of the local option law, there was no error in admitting testimony that the two officers who testified for the State had procured a search warrant and thereby found in defendant's house a quantity of whisky. Following Wagner v. State, 53 Texas Crim. Rep., 306, and other cases.

**5.—Same—Evidence—Other Transactions—Time of Offense—Bill of Exceptions.**

Where the bill of exceptions contradicted the statement of facts, the bill controls, and where it appears therefrom that the intoxicating liquor found by

the officer in defendant's possession was about the time of the alleged offense, there was no error.

### 6.—Same—Evidence—Internal Revenue License.

Upon trial of a violation of the local option law, there was no error to permit the State to show that defendant had internal revenue license at the time he was charged with selling intoxicating liquors in local option territory, both to prove the offense and to affect his character and standing as a citizen; he having asked for a suspension of sentence.

### 7.—Same—Withdrawing Testimony.

If the testimony admitted is not of that damaging character and not likely to influence the jury, it can be withdrawn and the error of its admission thereby cured; besides, the admission of evidence that the defendant had internal revenue license was admissible under his plea for suspended sentence, and, at all events, did not justify a reversal. Following Miller v. State, 31 Texas Crim. Rep., 609, and other cases.

### 8.—Same—Sentence—Reforming Judgment.

Where the sentence of the lower court was erroneous in not stating the maximum punishment under defendant's plea of suspension of sentence, the judgment is reformed and affirmed under the record.

Appeal from the District Court of Bowie. Tried below before the Hon. H. F. O'Neal.

Appeal from a conviction of a violation of the local option law; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for unlawfully selling whisky in a prohibition county, and his punishment assessed at two years in the penitentiary.

The evidence by the State makes a clear case against appellant, showing a sale. Appellant denied making the sale. The State's main witness, A. Smissen, was a detective employed by the county attorney of Bowie County, to ferret out unlawful sales of intoxicating liquors and was paid as such for his services. He testified that a sale of whisky by appellant was made to him and he paid him a dollar therefor. Under the statute and many decisions of this State he was not an accomplice so that the court did not err in not charging that he was such and requiring his testimony to be corroborated.

Appellant duly filed his sworn plea seeking to have his sentence suspended under the statute, if convicted. By this he put his general reputation and character as a peaceable, law-abiding citizen in controversy and the State had the right to introduce evidence on these subjects. It was, therefore, permissible for the State to show that he had been indicted for various offenses, among others, four times for bootlegging,—making unlawful sales of intoxicating liquors in prohibition territory, which were felonies, and that four indictments other than the

one on which he was being tried were then pending against him. Williamson v. State, 72 Texas Crim. Rep., 618, decided May 13, 1914. This was also admissible as affecting his credibility as a witness. He testified in the case. So that all evidence objected to by appellant on this line was admissible and his bills thereabouts show no error.

Appellant introduced Mr. Watlington, a deputy sheriff, who testified in his favor, disputing Mr. Anderson, one of the State's material witnesses. After he got through with his direct examination he was turned over to the State for cross-examination. The State had the right to ask and have him to answer any question that was material in the case. The cross-examination did not have to be limited by what appellant had drawn out on direct examination. Sec. 1112, Wh. C. C. P., Ann.

By these two officers, Watlington and Anderson, the State proved in substance that about the time of the alleged offense against appellant they got out a search warrant and searched the house where appellant stayed and found therein his trunk which contained some seventy-two to seventy-six pint bottles of whisky. This evidence was admissible under the many decisions of this court. Wagner v. State, 53 Texas Crim. Rep., 306; Myers v. State, 52 Texas Crim. Rep., 558; Starbeck v. State, 53 Texas Crim. Rep., 192; Southworth v. State, 52 Texas Crim. Rep., 532; Field v. State, 55 Texas Crim. Rep., 524; Myers v. State, 56 Texas Crim. Rep., 222; Ellis v. State, 59 Texas Crim. Rep., 626; Hardgraves v. State, 61 Texas Crim. Rep., 325; Cowley v. State, 72 Texas Crim. Rep., 173, 161 S. W. Rep., 471.

There was some question as to when this liquor in the trunk was found, appellant claiming that it was some six weeks, at least, after the alleged offense; but the court in allowing his bill, expressly stated, "This intoxicating liquor was found about the time of the alleged offense." He accepted this bill as thus qualified and is bound thereby under all of the decisions of this court. Judge White says (sec. 858, C. C. P., Ann.): "When a bill of exceptions contradicts a statement of facts, in any specified particular, the bill will be held to control and to state correctly the disputed matter," citing many cases. It is needless to collate the very large number of cases so holding continuously down to this date. But see, James v. State, 63 Texas Crim. Rep., 75; Conger v. State, 63 Texas Crim. Rep., 312; Best v. State, 72 Texas Crim. Rep., 201, 164 S. W. Rep., 997.

After he had testified in his own behalf, on cross-examination, the district attorney was permitted, over his objections, to ask him if he had not had a United States internal revenue license to sell whisky. He at first denied that he had had. On the district attorney further pressing him he admitted that he had had, but was not certain as to the time. He thought, however, it was for 1913, and then was asked if the license was not dated back to cover a period behind what he had paid for. He denied this. What the State was seeking to show was that he had this internal revenue license at the time of the sale alleged in this case, or it covered that period of time. There was no error in the court per-

mitting the district attorney to ask these questions. If it had developed that he had license covering the period of time the sale was alleged in this case, it would have been not only admissible, but strong evidence against him in this case. The evidence, however, was admissible under his plea for suspended sentence because it affected his character and standing as a citizen, even at the time of this trial to show that he had license to sell intoxicating liquors in prohibition territory, for the jury had to determine whether with that and all the other circumstances against him they would suspend his sentence.

Again, in order to make it certain about when the license applied, he afterwards introduced a receipt for the money for the license which was dated September 11, 1913, and showed that the $25 he paid for the license was for the year beginning September 1, 1913. When the court charged the jury he told them: "The testimony as to the defendant having United States revenue license is withdrawn from you as evidence, and you will not use it against the defendant for any purpose, but you will wholly disregard same." Notwithstanding this, appellant claims that the evidence was so prejudicial to him that the effect of it could not be eradicated by the court's charge. As stated above, the evidence was admissible under his plea for suspended sentence, but if it had not been, it certainly is not of such a nature as to authorize or justify this court to reverse. Miller v. State, 31 Texas Crim. Rep., 609; Hatcher v. State, 43 Texas Crim. Rep., 237; Robinson v. State, 63 S. W. Rep., 869; Trotter v. State, 37 Texas Crim. Rep., 468; Jones v. State, 33 Texas Crim. Rep., 7; Morgan v. State, 31 Texas Crim. Rep., 1; Sutton v. State, 2 Texas Crim App., 342; Roberts v. State, 48 Texas Crim. Rep., 210. In Hatcher v. State, supra, this court said: "Some of the cases hold that the exclusion of such testimony (inadmissible) will not cure the error, while others hold the contrary. In such a conflict the true rule would seem to be that if the admitted testimony is of such a damaging character as to suggest the impossibility of withdrawing the impression produced on the minds of the jury and thus curing the error, it will be cause for reversal; otherwise, if the testimony is not of that damaging character and not likely to influence the jury it can be withdrawn and the error of its admission thereby cured."

In Miller v. State, supra, which was a murder case with the death penalty inflicted, and affirmed, this court said:

"The affidavit charging defendant with the offense of slander was also admitted in evidence. The slander charged imputed to the female mentioned a want of chastity of a most revolting nature. The contents were hardly germane to any issue in the case, in the absence of evidence bringing home knowledge to defendant of the existence of the affidavit, and we are not prepared to say that it may not have prejudiced defendant in the minds of the jury. The court, however, subsequently withdrew the affidavit from the consideration of the jury, and instructed them verbally, as well as in writing, to disregard it as evidence in the case.

· "The effect of withdrawing and excluding testimony erroneously admitted, which was or may have been prejudicial in its nature and tendency, has been the subject of much discussion in the courts, and the decisions are not harmonious upon the question. The weight of authority, however, seems to be that such withdrawal cures the error, and such has been the opinion entertained by this court. Sutton v. State, 2 Texas Crim. App., 342; Marshall v. State, 5 Texas Crim. App., 273; Phillips v. State, 22 Texas Crim. App., 139; Nalley v. State, 28 Texas Crim. App., 387. See also, State v. Towler, 13 R. I., 661; Thomp. Trials, sec. 715, 722, 723, and notes.

"In Sutton's case, supra, it was said: 'But conceding the court erred in admitting this testimony, the error, if in fact any was committed, was corrected by the court afterwards withdrawing it from the consideration of the jury.' This ruling has been approved in subsequent cases, and the doctrine uniformly upheld, that when improper evidence has been admitted over objection, it is the proper practice, and may become the duty of the court, to exclude or withdraw it from the jury, and instruct them to disregard it in finding their verdict. Authorities above cited; Willson's Crim. Stats., sec. 2514.

"To hold otherwise would be to sanction the doctrine that the court could not cure any error into which it may have fallen by mistake or inadvertence, and thus render it helpless to rectify errors committed, and the trial a mockery and a farce. We can not sanction such a doctrine. It is not intended here to hold that cases may not arise in which the withdrawal of testimony would not cure the error committed in admitting same; for it may occur that such evidence was of such a prejudicial character as to so influence the jury against the defendant that he would be deprived of a fair and impartial trial. We do not think, however, this evidence of that character." So that in no event does the admission of said evidence authorize a reversal of this case.

We notice the sentence in this case is for two years, the time fixed by the verdict. Section 1 of the Act of the Legislature, approved August 18, 1913, p. 4, requires the court to sentence a person convicted for a felony, except certain felonies, when the punishment is five years or less for an indefinite time, fixing such sentence the minimum for the offense prescribed by law and the maximum found by the jury. The sentence of the lower court will be here reformed in accordance with this law. It is, therefore, ordered that the said sentence be reformed and the judgment affirmed.

*Reformed and affirmed.*