### Milroy McCuen v. The State.

#### No. 3296.   Decided November 4, 1914.

**1.—Local Option—Sufficiency of the Evidence.**

Where, upon trial of a violation of the local option law, the evidence was sufficient to sustain the conviction, there was no reversible error.

**2.—Same—Other Transactions—Evidence—Cross-examination.**

Upon trial of a violation of the local option law, there was no error in admitting testimony that at the time defendant was arrested he had an unopened pint of whisky in his possession similar to the kind he was charged with selling; this was admissible as original evidence as well as on cross-examination. Following Wagner v. State, 53 Texas Crim. Rep., 306, and other cases.

**3.—Same—Continuance—Discretion of Court—First Application.**

Under the statute, it is expressly provided that the truth of the first or any subsequent application for continuance, as well as the merits of the grounds set forth therein, and its sufficiency, shall be addressed to the sound discretion of the court, and shall not be granted as a matter of right; and the contention that the first application, if otherwise sufficient, must be granted as a matter of right, is untenable.

**4.—Same—Continuance—Impeaching Witness—Want of Diligence.**

A continuance will not be granted when the alleged absent testimony is available only to impeach a State's witness; besides, there was a want of diligence. Following Giles v. State, 66 Texas Crim. Rep., 638, and other cases.

Appeal from the County Court of Ellis. Tried below before the Hon. J. C. Lumpkins.

Appeal from a conviction of a violation of the local option law; penalty, $25 and twenty days confinement in the county jail.

The opinion states the case.

*Clyde F. Winn,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

PRENDERGAST, PRESIDING JUDGE.—Appellant was convicted for making an illegal sale of whisky in prohibition territory under the misdemeanor statute and his punishment assessed at the lowest prescribed by law.

The State's witness John McCann testified positively that on Friday night, April 24, 1914, he bought a pint of Dripping Springs whisky from appellant in Waxahachie, Texas, for which he paid him $1. Besides other testimony, appellant testified he did not sell to said witness said whisky. He was arrested for the offense Sunday, April 26, 1914, about 11 o'clock a. m. In his direct testimony he further testified that on Saturday night, April 25, 1914, in Waxahachie, he bought from said State's witness one pint of Dripping Springs whisky.

He complains by one of his two bills of exceptions that the court erred in permitting the State's attorney, in cross-examination of him, to make him testify, which he did over his objections, that at the time he was arrested he had an unopened pint of Dripping Springs whisky on his person. This evidence was admissible as proper cross-examination of him. In addition it was admissible as a circumstance to show that he made the sale on Friday night to the State's witness, as testified by him. The State's theory, and the testimony justified it, was that appellant sold the whisky to the State's witness on Friday night and that he had other whisky on his person for that purpose at the time he was arrested and this testimony was admissible as tending to show the alleged sale. The time was sufficiently near to the time of the alleged sale to clearly make it admissible. Wagner v. State, 53 Texas Crim. Rep., 306; Myers v. State, 52 Texas Crim. Rep., 558; Starbeck v. State, 53 Texas Crim. Rep., 192; Southworth v. State, 52 Texas Crim. Rep., 532; Field v. State, 55 Texas Crim. Rep., 524; Myers v. State, 56 Texas Crim. Rep., 222; Ellis v. State, 59 Texas Crim. Rep., 626; Hardgraves v. State, 61 Texas Crim. Rep., 325, and many other cases down to this date unnecessary to collate.

The only other complaint is presented by his other bill of exceptions, which was to the overruling of his motion for a continuance on account of the absence of his absent witness who resided in Waxahachie, Texas. His attorney, in his brief, claims that his motion for a continuance was his first application; that it was in accordance with the statute and because thereof he had a right to a continuance as a matter of right. In support of his contention he cites six cases decided by the Supreme Court when it had criminal jurisdiction, beginning with a case in 30 Texas; and cites nine other cases of this court contained in the first few volumes of the Reports, the last in 5 Texas Crim. App. At the time these decisions were rendered the statute required, in effect, that when the application complied with the statute the court had no discretion, but an accused was entitled to a first continuance as a matter of right. Because the statute was to that effect at that time and the decisions cited by appellant and many others so held, the Legislature, for the express purpose of doing away therewith, by the Act of 1879,

chapter 84, page 94, amended the statute, which is now Code of Criminal Procedure, page 608, by subdivision 6, whereof it is expressly enacted that the truth of the first or any subsequent application, as well as the merits of the grounds set forth therein, and its sufficiency, should be addressed to the sound discretion of the court "and shall not be granted as a matter of right." So that said decisions have no application now and the statute is expressly the reverse of what he contends. The bill expressly shows that the court overruled the application for a continuance because the claimed evidence of the absent witness "went merely to impeach and contradict the evidence of the said State's witness John McCann." As we understand the claimed evidence of the absent witness could be construed to go no further than as claimed by the court in overruling it, even if it goes to that extent. It has always been held by this court that a continuance should not be granted when the evidence sought was available only to impeach the State's witness. See cases cited in section 612, White's Ann. C. C. P., and additional cases collated in 2 Enc. Digest of Crim. Ev., p. 87. Besides the witness lived in Waxahachie and sufficient diligence was not shown to procure him. Giles v. State, 66 Texas Crim. Rep., 638, 148 S. W. Rep., 317, and cases therein cited.

The judgment is affirmed.

*Affirmed.*