## Webster Overby v. The State.

No. 6982. Decided June 21, 1922.

### 1.—Burglary—General Reputation—Suspended Sentence—Rule Stated.

The contention that the State cannot enter the field of the general reputation of the accused who has filed an application for suspended sentence, unless in specific terms in such application, an inquiry be invited into such

reputation, or the question of such reputation be first raised by the intro-
duction of proof in support of same by the accused, is untenable. Dis-
tinguishing Baker v. State, 87 Texas Crim. Rep., 308, 221 S. W. Rep., 609;
Williamson v. State, 167 S. W. Rep., 360.

**2.—Same—Argument of Counsel—Bill of Exception—Witness.**

An exception that the court erred in allowing the State's counsel, in
his closing argument to the jury to refer to the omission of defendant's
counsel to use the witnesses who had been summoned by the defendant, as
to the general reputation of the defendant, presents no error.

**3.—Same—Argument of Counsel—Charge of Court—Practice on Appeal.**

Where the bill of exceptions entirely failed to disclose any request,
either oral or written, that the trial court instruct the jury not to consider
the argument of State's counsel, part of which is entirely proper, there was
no reversible error.

**4.—Same—Rehearing—Statutes    Construed—General    Reputation—Suspended
            Sentence.**

The contention that under Article 865-C, Vernon's C. C. P., that the only
proper construction of this article as it relates to hearing of testimony upon
the issue of general reputation, is, that such testimony is admissible only
when the accused in writing requests the court specifically to hear the evi-
dence as to such reputation, and that unless his application for suspended
sentence contains such further specific request in regard to testimony bear-
ing upon his reputation, the State cannot introduce testimony of his bad
reputation, etc., is untenable.   Following Martoni v. State, 167 S. W. Rep.,
349.

**5.—Same—Words and Phrases—Statutes Construed.**

A careful analysis of Art. 865-C, supra, makes evident the proposition
that the first line of said article, to wit, "the court shall permit testimony
and submit the question,"-applies equally to the proposition, "as to whether
the defendant has ever before been convicted of a felony, as to that referring
to the general reputation of defendant, and the language: "Such testimony
shall be heard and such question submitted only on the request in writing by
the defendant," to the proposition that he present his request for suspended
sentence.

**6.—Same—Bill of Exceptions—Rule Stated.**

It is a correct proposition of law, applicable to all cases, that the mere
statement of a given fact, or facts in a bill of exception as being the ground
of objection stated to the court below by defendant or his attorney, is not
tantamount to proof of the truth of the facts stated.   Distinguishing Harris
v. State, 239 S. W. Rep., 972; Styles v. State, 239 S. W. Rep., 964.

Appeal from the District Court of Ellis.   Tried below before the
Honorable W. L. Harding.

Appeal from a conviction of burglary; penalty, three years im-
prisonment in the penitentiary.

The opinion states the case.

*Y. D. Kemble,* for appellant.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant pleaded guilty to the offense of burglary in the district court of Ellis County, and was given three years in the penitentiary.

A plea for suspended sentence was filed on behalf of appellant and one witness introduced by him, who testified that appellant had never before been indicted for a felony. Neither in said application for suspended sentence, nor by the introduction of any evidence in support of the proposition that his reputation was good for peace and quietude, was there any affirmative raising by appellant of the issue of such general reputation. The State proved by witness, over the objection of appellant, that the reputation of appellant in the regard mentioned was bad. It is here urged that the State cannot enter the field of the general reputation of the accused who has filed an application for suspended sentence, unless in specific terms in such application an inquiry be invited into such reputation, or the question of such reputation be first raised by the introduction of proof in support of same by the accused.

We feel constrained to decline to uphold this contention. Article 865c of our Code of Criminal Procedure is not as clear upon this point in its verbiage as we might wish, but it is the manifest purpose of the legislature in what it has said upon the question of suspended sentence, to afford the jury a knowledge of the antecedents of one who is charged with crime and who asks that he be given a suspended sentence, insofar as proof of the good or bad reputation of such appellant will shed light upon such antecedents. This would seem to be in accord with reason. The object of said law is to reform youthful and first offenders. As bearing directly upon the question as to whether criminals coming within this class are likely to be benefited by the grant of suspended sentence, it would seem that the jury ought to be given some insight into the previous life and character of such applicant. We are not inclined to think the authorities cited by appellant, to-wit: Baker v. State, 87 Texas Crim. Rep., 305, 221 S. W. Rep., 609, and Williamson v. State, 74 Texas Crim. Rep., 289, 167 S. W. Rep., 360, sustain his contention. In the Baker case this court used the following language:

"The suspended sentence law (article 865c, C. C. P.) opens the way for the state to prove 'the general reputation of the accused where the issue of suspended sentence is presented by him.' The method of proving general reputation, and the limitations incident to it, were understood at the time the statute was enacted, and we find nothing in the law indicative of an intention on the part of the Legislature to change these rules. Prior to the possage of the statute, the reputation of one accused of crime was subject upon which the state

was not permitted to introduce evidence unless invited by the accused. The statute mentioned extends the invitation.''

In the Williamson case we find the following language:

''Appellant entered a plea requesting that in the event he was convicted, his sentence be suspended. When this plea is entered by any one on trial for a felony, section 2 of the suspended sentence act (chapter 7, Acts 33d Leg. p. 8) provides that 'the court shall permit testimony' to be introduced 'as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence,' providing therein that, if he has theretofore been convicted of a felony, the sentence shall not be suspended. Unless a person on trial enters this plea, his reputation cannot be put in issue by the state, unless he does so; but, when he elects to avail himself of the privilege of filing this plea, then he puts his reputation in issue, and any legitimate testimony bearing on that issue becomes admissible, and by filing this plea in this case, he opened the door for testimony bearing on his reputation.''

We think the rule thus announced in each of said cases in consonance with the entire purpose of the statute in question, and that the proposition should be maintained by this court. We, therefore, decline to uphold this contention of appellant, and state our conclusion that the filing of an application for a suspended sentence is the only fact necessary to be shown in order to justify the State's introduction of appropriate evidence showing that the general reputation of such applicant for peace and quietude is bad.

By his bill of exceptions No. 2 appellant complains of the action of the State's attorney in his argument relative to the issue of suspended sentence. This complaint is as follows:

''The court erred in allowing the State's counsel in his closing argument to the jury to refer to the omission of defendant's counsel to put on the witness stand witnesses who had been subpoenaed by the defendant to testify as to the general reputation of the defendant.''

From our holding above it must appear that appellant was in error in concluding that his reputation was not a proper issue. An analysis of the matter objected to, as stated in said bill of exceptions, reveals that what was done by the State's attorney was to ''refer to the omission of defendant's counsel to put on the witness stand, witnesses who had been subpoenaed by the defendant to testify as to the general reputation of the defendant.'' The general reputation of appellant being a pertinent issue and it appearing from the statement just quoted that he had present at court a number of witnesses whose testimony would have borne upon this issue, in line with all the authorities it was not erroneous for the State's attorney to comment upon the appellant's failure to introduce witness whom he had summoned and who were present for the purpose of giving evidence upon said question of

reputation. Cases cited in Vernon's C. C. P., pp. 719-720, also Branch's Ann. P. C., pp. 208-208, support the general proposition here involved. Much of said bill of exceptions is taken up by a statement of the grounds of his exceptions by the attorney of appellant. Unless there otherwise appeared in said bill facts supporting the grounds of objection thus stated, we could not appraise the value of what was said by the attorney. We cannot look to the record outside of a bill of exceptions to see if the grounds of objection there stated be true or otherwise, and the certificate of the court to a bill of exceptions does not in anywise establish the truth of those things stated as the grounds of objection. See subdivision 38, Vernon's C. C. P., p. 745. No error is shown by said bill of exceptions.

By another bill of exceptions appellant complains of two separate excerpts from the remarks of the State's attorney. Said bill of exceptions entirely fails to disclose any request either oral or written that the trial court instruct the jury not to consider said remarks of the State's attorney. Part of the argument so quoted and objected to appears to us to be entirely proper, and we are not prepared to say that any of said argument is so inflammatory as to call for a reversal, and this is especially true in the absence of any requested instruction that such argument be disregarded.

Finding no error in the record, the judgment of the trial court will be affirmed.

*Affirmed.*

ON REHEARING.

June 21, 1922.

LATTIMORE, JUDGE.—Appellant again insists that we have misconstrued Article 865-c, Vernon's C. C. P., which is as follows:

"The court shall permit testimony and submit the question as to the general reputation of defendant to enable the jury to determine whether to recommend the suspension of sentence, and as to whether the defendant has ever before been convicted of a felony; such testimony shall be heard and such question submitted only upon the request in writing by the defendant; provided, that in all cases sentence shall be suspended if the jury recommend it in their verdict. Provided further, that in such cases, neither the verdict of conviction nor the judgment entered thereon shall become final, except under the conditions and in the manner and at the time provided for by section 4 of this Act." ·

He urges that the only proper construction of this article as it relates to hearing of the testimony upon the issue of general reputation, is that such testimony is admissible only when the accused in writing requests the court specifically to hear evidence as to such reputation, and that unless his application for suspended sentence contains such further specific request in regard to testimony bearing

upon his reputation, the State cannot introduce testimony of his bad reputation in regard to being a peaceable, law-abiding citizen. We intended to say in our original opinion that we do not agree to this proposition, but believe that the written application for suspended sentence, which is mentioned in several of the articles of our law giving to appellant the right to such sentence, when filed on behalf of the appellant, opens the door for the introduction of testimony bearing upon the issue of the general reputation of the accused, without any specific mention in such application of the matter of such reputation. In Martoni v. State, 74 Texas Crim. Rep., 90, 167 S. W. Rep., 349, we said:

"Appellant duly filed his sworn plea seeking to have his sentence suspended under the statute, if convicted. By this he put his general reputation and character as a peaceable law-abiding citizen in controversy, and the state had the right to introduce evidence on these subjects."

We believe this to be the settled law of this State and that its announcement is a correct one. While the punctuation in a given statute has effect, we do not believe it should control against the plain meaning of the language used. A careful analysis of Article 865-c, supra, makes evident the proposition that the first line of said article, which is as follows: "The court shall permit testimony and submit the question", applies equally to the proposition "as to whether the defendant has ever before been convicted of a felony" as to that referring to the general reputation of the defendant which is specifically limited by the statute to its proper function as enabling the jury to decide whether to recommend the suspension of the sentence. We believe that the line and part of said article which is as follows: "such testimony shall be heard and such question submitted only upon the request in writting by the defendant", refers to the fundamental and essential proposition which has been held by all the authorities as the issue upon which primarily depends the right of the accused to present his request for a suspended sentence, which is that he has never before been convicted of a felony.

Appellant also attacks our disposition of his bill of exceptions No. 2. Said bill of exceptions is as follows:

"Be it remembered that on the trial of the above styled and numbered cause, in this court, on the 16th of February, 1922, the following proceedings were had, to-wit: The court erred in allowing the State's counsel in his closing argument to the jury to refer to the omission of defendant's counsel to put on the witness stand witnesses who had been subpoenaed by the defendant to testify as to the general reputation of the defendant. This argument was objected to at the time the same was being made, and the court was requested by defendant's counsel to exclude argument and statements from the consideration of the jury, but the court declined to do so. In making

such request of the court the defendant by his counsel stated to the court that such argument and statements were highly improper and were prejudicial to the rights of the defendant, because the State's counsel did not know himself the purposes for which said subpoenas had been issued, and if he did, and such purpose was for proving the general reputation of the defendant, still the defendant did not put in issue his reputation, and therefore the State's counsel had no right to inquire into the same, or to make any argument or statements in reference to defendant not putting such witnesses on the stand. To which action of the court in allowing the State's counsel to thus refer to such witnesses, the defendant by his counsel then and there excepted, and here and now in open court, tenders this his bill of exceptions and prays that the same be examined, signed and approved by the court and ordered filed as a part of the record in this cause.''

We believe it to be a correct proposition of law applicable to all cases alike, and without the slightest intention to single out this appellant or his attorney, that the mere statement of a given fact or facts in a bill of exceptions as being the ground of objection stated to the court below by appellant of his attorney, is not tantamount to proof of the truth of the facts so stated. There must appear in the bill of exceptions further approval of the existence of the facts so stated, than that contained in the setting forth of the ground of objection. This court cannot know that the purpose of the appearance at court of witnesses for the defense, was unknown to the State's attorney from the statement of that fact as a part of appellant's objection to the argument of the State's attorney, and the statement by the appellant to the trial court. Gleaned from the grounds of objection, that the State's attorney did not know the purpose of the presence of said witnesses, will not suffice to inform this court that such was the fact. There is no stenographic report of the testimony in this case, and we find in the record merely what is denominated therein as "a brief statement of the above styled cause and of the facts proven on the trial thereof". In the absence of a showing to the contrary, we are bound to assume that the facts before the trial court were sufficient to lead him to conclude the argument in question supported by matters before the court. There is nothing in the case of Harris v. State, 91 Texas Crim. Rep., 446, 239 S. W. Rep., 972, in conflict with our conclusion in this regard. Rejected facts stated in a bill of exception to be material, can in no event held by us to be material when there is no statement of facts in the record.

The facts appearing in the argument of State's attorney as set out in bill of exceptions No. 3 were very different from those appearing in the argument by private counsel in the case of Stiles v. State, 91 Texas Crim. Rep., 461, 239 S. W. Rep., 964.

We have gone carefully over the matters set forth in this motion for rehearing, but have been unable to conclude that our former opinion was incorrect, and the motion for rehearing will be overruled.

*Overruled.*